EDWARD ROOME and another vs. WALTER W. WEBB.

A complaint verified in the pursuance of § 133 of the code, is not sufficient to authorize an injunction to issue. And an answer thus verified is not sufficient to support a motion to dissolve an injunction. They are, when thus verified, mere pleadings. But an affidavit can be annexed in such a form as to verify positively the allegations of a complaint, and make it a part of the affidavit necessary to be used on an application for an injunction. And such form was formerly used in the jurat to verify a bill in chancery would be sufficient.

The same rules apply to make an answer an affidavit, sufficient to found a motion to dissolve an injunction.

Where a motion by Defendant to dissolve an injunction is made upon an answer thus verified, the Plaintiff is at liberty to oppose the motion on new and additional affidavits.

*Albany, Nov.* 25, 1848.—This was a motion to dissolve an injunction. Several questions of practice were discussed which are decided in the opinion of the court.

A. B. OLIN and D. BUEL, Jr., *for Plaintiffs.*
A. K. HADLEY and JOB PIERSON, *for Defendant.*

PARKER, Justice.—Under the Code of Procedure a complaint verified as required by § 133, is a mere pleading, and not a sufficient foundation for the allowance of an injunction. An order for injunction can not be made except on the affidavit of the Plaintiff or of some other person.— (§ 193.) It is not necessary, however, that the Plaintiff should make a separate affidavit, repeating over all the statements of the complaint. An affidavit can be annexed in such form as to verify positively the allegations of the complaint. An injunction could never be allowed under the former practice, nor can it be now, on an affidavit founded merely on information and belief. An affidavit annexed to the complaint, in the form of the jurat, by which a bill in chancery was formerly verified, is sufficient, and makes the complaint a part of the affidavit for the purpose of applying for an injunction.

The same rules apply to the answer. If the Defendant wishes to avail himself of the facts stated in it, on a motion to dissolve the injunction, he may make it an affidavit in the same form above pointed out with regard to the complaint or otherwise; but the verification required by the 133 section, is not sufficient, except for the purpose of making it a pleading.

The Defendant may move to dissolve the injunction on the complaint and affidavits on which it was granted; or upon affidavits on the part of Defendant with or without the answer.—(§ 198.) And in the latter case the Plaintiff may oppose the motion by affidavits or other proofs, in addition to those on which the injunction was granted.—(§ 199.)

If, therefore, the Defendant moves on his answer so verified as to make it an affidavit, (and it is only in that form that he can avail himself of the allegations contained in it on such motion,) the Plaintiff is at liberty to oppose the motion on new and additional affidavits. The Defendant in this case misunderstood the practice, and he is at liberty, therefore, to withdraw his papers that he may renew the motion on other affidavits with his own, so as to anticipate, as far as he can, the additional affidavits proposed to be read by the Plaintiff.