Millikin agt. Carys.

## SUPREME COURT.

### MILLIKIN agt. V. R. CARY, S. CARY and J. W. CARY.

The Code having abolished all forms of pleading inconsistent with its provisions
and declared that the sufficiency of pleadings shall hereafter be determined by
the rules which it prescribes (§ 149). *Held*, that, although there are actions
of legal and equitable cognizance, between which; as heretofore, the consti-
tution and laws recognize a distinction. Yet, but one uniform system of
pleading and practice, is made applicable to both classes.

Therefore there seems to be no authority, for continuing a distinction between
the pleadings in actions at law and suits in equity. The *facts*, as they are
claimed by the parties respectively to exist, unaccompanied by a statement
of the evidence or *legal conclusions*, should only be set forth in both classes
of actions. (*These views seem to conflict with those expressed upon the same
point in the opinion of the Rochester City Bank, &c. agt. Suydam, &c. ante
page* 216).

Where matters are stated as *evidence* in a complaint, they must be considered
as redundant. They can not constitute the basis for an injunction. It must
appear by the *facts* stated in the complaint, that an injunction is a remedy
appropriate to the character and object of the action.

The mode of obtaining an injunction is by *affidavit* (§ 220). The Code does
not contemplate a detailed statement of the grounds for an injunction in the
complaint.

A complaint when duly verified can not be treated as an *affidavit* for the pur-
pose of an application for an injunction. (*This decision is adverse to that in
Roome agt. Webb,* 3 How. Pr. R. 327; *Krom agt. Hogan,* 4 id. 225, and
*Schoonmaker agt. Dutch Church, Kingston, ante page* 265).

*At Chambers, Buffalo, Dec.* 1850. The defendant V. R. Cary,
made a general assignment of his property to the other defend-
ants, who are his sons, for the benefit of his creditors    The plain-
tiff is a judgment creditor of V. R. Cary. His judgment was re-
covered upon an indebtedness which was contracted, and due
before the assignment was made.

The object of this suit is to set aside the assignment, on the
ground that it was made to hinder and delay creditors in the
collection of their debts. The complaint also alleges that the
assignees are pecuniarily irresponsible, and prays for the appoint-
ment of a receiver on this ground. The complaint is drawn like
a bill in chancery, containing in addition to the allegation of
facts above stated, a detail of circumstances, confessions of the

Millikin agt. Carys.

defendants, &c. &c. constituting evidence, to establish the main charges of fraud, and insolvency of the assignees. It is verified in the form prescribed by the 157th section of the Code. Upon the complaint and the affidavits of verification, Mr. Houghton, the plaintiff's counsel applies for an injunction restraining the assignees from interfering with the property until the further order of the court.

SILL, Justice.—The plaintiff has in this case adopted the mode of pleading, which was used in the Court of Chancery. The facts, which if established, entitle him to an injunction, are, the fraudulent intent, in making the assignment, and the insolvency of the assignees. These facts the plaintiff could not swear to positively, and he has, therefore stated circumstances and evidence in detail, which he claims prove prima facie, the main charges in the case.

The question first presented is whether this mode of pleading is now admissible. The Code directs that the complaint shall contain " a statement of the *facts* constituting the cause of action" (*sec.* 142, *sub* 2).

This provision has, I believe, been uniformly construed, to exclude a detailed statement of the evidence, and to confine the pleader to a statement of the *facts only* upon which his right to relief depends (Glenny agt. Hitchins, 4 *How. Pr. R.* 99; Shaw vs. Jayne, *id.* 119; Knowles vs. Gee, *id.* 317; Russell vs. Clapp, *id.* 347; McMurray vs. Gifford, 5 *id.* 14; Nefus vs. Kloppenburgh, 2 *Code Rep.* 76).

It is said, however, that these decisions were all made in common law actions, and that the method of pleadings, pursued in this case is still allowable, where equitable relief is demanded.

I am satisfied that there are actions of legal and of equitable cognizance, between which, as heretofore, the constitution and laws recognize a distinction. But, one uniform system of pleading and practice, is made applicable to both classes, which are now included in the common denomination of " *civil actions*" (*Code*, § 69). The Code abolishes all forms of pleading inconsistent with its provisions, and declares that the sufficiency of

35

pleadings shall hereafter be determined by the rules which it prescribes (§ 149).

One of the evils charged to the former judicial system of this state, was, the alleged inability to determine in what forum to apply for redress. It was said that parties frequently applied to courts of law for relief, when, as they afterwards found, their cases belonged to a court of equity, and *vice versa.* It was even claimed that some were denied a hearing altogether; the courts of law and equity declining jurisdiction, each alleging that it appertained to the other. Whether mistakes of this kind were unavoidable, or were frequent enough to furnish any just ground of objection to the system which has been recently superseded, it is not important to inquire. Such a difficulty was claimed to exist and alleged to be a serious mischief, and a remedy for it was sought by the successive action of the constitutional convention and of the legislature. With this view the constitution conferred jurisdiction "*in law and equity*" on one tribunal. But this did not fully obviate the difficulty. It promised to secure ultimately a hearing, on one side of the court or the other; but the pleadings and practice at law being still different from those in equity, the same necessity continued for determining beforehand to which side jurisdiction belonged. The commissioners on practice were therefore instructed to report a system, abolishing these forms, and providing " for a uniform course of proceeding in all cases, whether of *legal or equitable cognizance*" (*Laws of* 1847, *p.* 67, *sec.* 8). The Code of Procedure followed these instructions; the 69th section of which is as follows: " The distinction between actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished; and there shall be in this state, hereafter, but one form of action, for the enforcement or protection of private rights and the redress or prevention of private wrongs, which shall be denominated a *civil action.*"

To allow a mode of pleading in suits of equitable cognizance, different from that required in suits at law, would frustrate the obvious design of this legislation. It would be in conflict with its plain provisions and perpetuate, at least in part, the very mischief at which it was specially aimed.

Millikin agt. Carys.

The intention of the legislature, manifestly was, to permit a party to state the facts of his case, in his complaint, as they may exist, without imposing upon him the responsibility of determining in advance, whether relief should be administered to him according to the rules of legal or equitable jurisprudence. The court pronounce such judgment as the facts which are stated and proved, require, whether it be legal or equitable. If the different modes of pleading remain, as is contended, it is now as important as ever to determine beforehand, to which class the action belongs, and a mistake on this point must produce the same mischief which the framers of the constitution, and the legislature, have tried to prevent.

Except to obtain a discovery no necessity ever existed for detailing the evidence even in a bill in chancery. It was useful only to enable a complainant to examine his adversary as a witness. When this was not required it was only necessary, as now, to state the *facts*. A detail of the evidence did not aid the prosecution, nor did its omission limit the scope of the testimony or affect the remedy.

The examination of a defendant by bill of discovery is now done away, and with it all occasion for resorting to the peculiar mode of pleading to which it gave rise. The granting of judicial relief must always be preceded by an ascertainment of the facts, upon which the right to it depends. It is the office of pleadings, to present the *facts*, as they are claimed by the parties respectively to exist, and I have not been able to conceive, why the facts should be accompanied by a statement of the evidence, where equitable relief is demanded, and such statement be omitted when the application is for a judgment at law. There seems to be no authority in law or reason for continuing in this state a distinction between the pleadings in actions at law, and those in suits in equity.

It follows that the matters stated as evidence in this complaint, are redundant and it would be the duty of the court, upon a proper application, to strike them out. It is upon these matters, as we have seen, that this application is founded; but redundancy

and surplusage do not constitute a legitimate basis for any relief, *provisional* or otherwise, in behalf of the party introducing them. To entitle the plaintiff to an injunction, it must appear by his complaint that the relief demanded or some part of it, consists in restraining the commission or continuance of some act; the commission or continuance of which during the litigation will produce injury to the plaintiff, &c. (*Code*, §219) In other words, it must appear by the facts stated in the complaint, that an injunction is a remedy appropriate to the character and object of the action. But the mode of obtaining the injunction is particularly specified as follows: "The injunction may be granted at the time of commencing the action, or at any time afterwards, before judgment, upon its appearing satisfactorily to the court or judge *by the affidavit* of the plaintiff, or of any other person, that sufficient grounds exist therefor. A copy of the affidavit must be served with the injunction" (§ 220). Thus it will be seen that the grounds for the injunction must be shown by *affidavit*, and that the Code does not contemplate a detailed statement of them in the complaint. Such a statement was not necessary even in a bill in chancery, although it was the common practice when an injunction was desired, and the plaintiff depended on his own oath to obtain it. It was competent under the old equity practice to omit the statement of circumstances and evidence in the bill, and to supply them by affidavit; such was the common mode when the oath of a person other than the complainant was required to obtain the writ.

To do away altogether with the occasion of resorting to the old equity mode of pleading, the commissioners on practice recommended the abolition of the bill of discovery and the substitution of another method of examining the defendant (*Com's first Rep.* 75, 76–244, 5, 6). This recommendation was followed by the legislature (*Code*, 389 to 397), and it would be strange, indeed, if it was designed to tolerate, unnecessarily, the objectionable system still, for the purpose of obtaining an injunction. Such a conclusion is especially inadmissible, when we find another, plain, simple, and consistent method, expressly provided for obtaining this remedy.

The remaining point is, that the complaint when verified, as this is, may be treated as an affidavit for the purposes of this application. The terms " pleading" and " affidavit" have never been understood as synonymous. The Code has not confounded their meaning, or abolished their use, or given them any new definition. I do not feel at liberty to substitute a *pleading*, as the foundation of an order when the law has expressly required an affidavit. The propriety of pursuing the practice which the statute, in plain language enjoins, does not seem to me to be a question open for judicial consideration.

I am aware that it is assumed in Roome vs. Webb (3 *How. Pr. Rep.* 327), and Krom vs. Hogan (4 *id.* 225), that the complaint may, when positively verified, constitute a sufficient ground for an injunction. The well considered opinions of the learned judge who decided those cases, are certainly not to be disregarded. But it does not appear that the point here presented, was raised by counsel in either of the cases cited, or particularly examined by the judge, or even that those complaints were objectionable in the particular mentioned.     In both, injunctions had been previously obtained. The question presented and decided, in the first was, that an answer verified upon information and belief only, could not be read upon a motion to dissolve an injunction. What was said about using pleadings as affidavits, was incidental to the other question, and not indispensable to its decision. In the other case the defendant was in contempt for violating the injunction, and it was decided that a motion to dissolve it could not be heard until the contempt was purged. The motion passed off on this preliminary question. Still some remarks were made by the judge on the merits, the scope of which embraced the point now under consideration, although they referred more directly and particularly to the manner of verifying facts to be presented on such a motion.

My conclusion is that the injunction should not be allowed on this complaint. The proper mode of proceeding is, to draw the complaint as in other cases, stating facts only, and omitting evidence and legal conclusions. The additional circumstances and

evidence, which may be needed to obtain an order of injunction, should be presented by *affidavit*. The order is denied, but the plaintiff is at liberty to make another application upon papers prepared as here indicated.