## WHITE & WILLIAMS *vs.* PLATT.

Where securities for money are transferred and delivered as collateral security for a debt of the party transferring them, the creditor acquires a special property in them.

And if he afterwards redeliver them to the debtor to collect and secure them as against the parties indebted in the securities, he still retains such special property.

An attorney or other person to whom notes or evidences of debt are intrusted for the purpose of collection, stands in a fiduciary relation to his employer.

Where, under such employment, money is received by the attorney or agent, it is the specific money of the employer, and not merely a debt owing him by the attorney or agent.

And if the attorney or agent neglect to pay it over to his principal, it is a breach of trust, and the liability thereby incurred is not extinguished by a discharge under the late bankrupt act, it being within the exception mentioned in the first section, of debts created *in consequence of the defalcation of the debtor while acting in a fiduciary capacity.*

ERROR to the recorder's court of the city of Buffalo. The plaintiffs in error brought assumpsit in the court below, and the only question on the trial was whether their demand was barred by a bankrupt discharge, which the defendant had obtained in the course of proceedings in bankruptcy instituted by himself, and which he had pleaded to the plaintiffs' declaration. The plaintiffs' counsel insisted that the demand proved was created in consequence of a defalcation of the defendant while acting in a fiduciary capacity in respect to the plaintiff, and so not affected by the discharge.

It appeared that the parties resided in Buffalo; and the le-

fendant in July, 1842, owed the plaintiffs about $900, as collateral security for which he transferred and delivered to them three promissory notes against individuals living in Ohio. Afterwards the defendant applied to the plaintiffs for leave to take the notes with him to Ohio to collect them, or obtain security of the makers; and the plaintiffs accordingly intrusted them to him for that purpose. The defendant went to Ohio and collected an amount equal to the debt he owed the plaintiffs, but never paid any part of it to them; and it was to recover that money that the action was brought. The bankrupt proceedings were commenced after the defendant had received the money. The court held that the debt was not of the character mentioned, and charged the jury that the discharge was a defence, and the plaintiffs excepted. Verdict and judgment for the defendant. The plaintiffs bring error upon a bill of exceptions.

*J. L. Talcott,* for the plaintiffs. By the delivery of the notes to the plaintiffs they acquired a property therein, and were consequently capable of creating a trust respecting them. By delivering them to the defendant, for the purpose of obtaining, for the plaintiffs' benefit, further security, the defendant was constituted a trustee for the plaintiffs, with the obligation resting on him to account and pay over to the plaintiffs, the beneficiaries of the trust. Having collected the money and failed to pay it over, and having, as the law intends he did, converted it to his own use, a debt arose of the precise character contemplated by the act of congress. The defendant then was a defaulter while acting in a fiduciary character; and such debts are not affected by a bankrupt discharge. (*Chapman* v. *Forsyth*, 2 *How. U. S. Reg.* 202, 208.) One to whom a chose in action is intrusted for the purpose of collection, is a trustee. An attorney is such in respect to demands intrusted to him to collect or secure. Hence his receipt of the money simply does not constitute a debt for which he may be immediately prosecuted. He is only liable to the creditor, after a demand has been made upon him. His refusal is a breach of

trust. (*Taylor* v. *Bates*, 5 *Cowen*, 376; *Rathbun* v. *Ingalls*, 7 *Wend.* 320.) The property in the notes did not pass to the defendant, and would not have gone to his assignee in bankruptcy. (*Kennedy* v. *Strong*, 10 *John.* 289; *Floyd* v. *Day*, 3 *Mass.* 403; *Copeman* v. *Gallant*, 1 *P. Wms.* 314.) A similar question has been determined, at *nisi prius*, against the bankrupt. (*Flagg* v. *Ely*, 4 *N. Y. Legal Observer*, 100.)

*M. Fillmore*, for the defendant. The notes were merely pledged to the plaintiffs, and when the possession was again delivered to the defendant, he was the general owner, and could not be a trustee in regard to the notes. His undertaking to collect and account rested merely in agreement, and had none of the features of a fiduciary relation. (*Hatten* v. *Speyer*, 1 *John.* 37.) But if this were otherwise, the employment of the defendant was merely the constituting an agency, and not in a legal sense the creation of a trust. In popular language, it may be that any undertaking to transact business respecting the property of another, is a trust. But such is not the meaning of the statute in question. The terms " any other fiduciary capacity" are associated with " executor, administrator, guardian or trustee," and it was intended to embrace similar relations, and not the ordinary transactions of business. *Chapman* v. *Forsyth* was a stronger case for the creditor than this, for a factor much more nearly resembles a trustee than a mere collecting agent. The case decided by Judge Edmonds cannot be sustained without overturning the well considered judgment of the supreme court of the United States in the case first mentioned.

*By the Court*, WHITTLESEY, J. The promissory notes mentioned in the bill of exceptions were transferred by the defendant to the plaintiffs, as collateral security for the payment of a debt before that time due, from the defendant to the plaintiffs. In other words, these notes were pledged by the defendant as security for the payment of that debt to the plaintiffs. By this transaction the plaintiffs acquired a special property in

the notes accompanied with possession. The defendant indeed had a general property in them, being entitled to the residuary interest, but the plaintiffs were entitled to hold these notes as against the defendant, until their debt was paid.

If the defendant had made his assignment in bankruptcy while the notes were thus in the hands of the plaintiffs as a pledge, only the residuary interest would have passed by such assignment. The same would have been the case if the notes had been placed in the hands of the defendant for collection, and were uncollected at the time of the assignment. The same also would have been the case as to the money collected on them by the defendant, to the extent of his debt to the plaintiffs, provided such money had been specially deposited or kept separate from his other funds. (*Kip* v. *Bank of New-York*, 10 *John.* 63 ; *Tooke* v. *Hollingsworth*, 5 *T. R.* 215.)

These notes to which the plaintiffs had such special property, accompanied with the possession, were intrusted to the defendant to collect or secure. The defendant did collect them and use the money. They were just as much the property of the plaintiffs after they had been delivered to the defendant for collection as before. And after the defendant had collected the amount the plaintiffs could sue him in an action for money had and received, for the money so collected, as for a new cause of action as distinguished from the original debt.

The question presented here is whether the defendant acted in a fiduciary capacity in the collection of this money. I cannot distinguish this case from any other case of intrusting a promissory note to a third person for collection, where the bailee had no previous connection with the note. And the question may be more broadly stated—whether a person intrusted with a note to collect for the holder, in collecting or receiving the money upon it acts in a fiduciary capacity within the meaning of the bankrupt law. By the act of August 19, 1841, to establish a uniform system of bankruptcy, the exception to the debts which may be discharged, are " those which have been created in consequence of a defalcation as a public officer ; or as executor, administrator, guardian or trustee, or while acting in any

White *v*. Platt.

*other* fiduciary capacity." (§ 1.)  Here are specific cases of trust or duty pointed out, followed by a general clause embrac-ing all other trusts, but which may be fairly construed to refer only to special trusts and not to merely implied trusts.  The case of *Hatten* v. *Speyer*, (1 *John.* 37,) cited by the defendant's counsel, was the case of money received by the bankrupt, for the special purpose of investing on bond and mortgage, which he failed to do, but used it in his own business, and afterwards obtained his discharge under the former bankrupt act.  The creditor attempted to elude the force of the discharge by suing the bankrupt in case, but the court held the discharge a bar. That does not seem to me to meet the present case.  The first bankrupt act embraced only traders ; it provided that the bank-rupt should be discharged from all debts which were provable under the commission, and contained no exception in regard to fiduciary debts.  (1 *Story's Laws U. S.* 743, § 24.)  The late act embraced all persons, without regard to their business, and it contains an exception in relation to fiduciary debts.  In the case cited and in the case under consideration, the debt was clearly provable under the commission, and that fact made the discharge under the act of 1800 a bar, not to be eluded by chang-ing the form of action.  Under the act of 1841, if the debt was a fiduciary one the discharge would be a bar, if it were proved under the commission, but not if the creditor refrained from proving it, and afterwards sued, and proved that it was within the excep-tions of the act.  (*Chapman* v. *Forsyth*, 2 *How. Rep.* 202.)

The case thus comes back to the single question, whether this debt is a fiduciary one.  Under this act we have the deci-sion of the supreme court of the United States in *Chapman* v. *Forsyth*, above mentioned, that a *factor* who owes his principal money received on the sale of his goods, is not a fiduciary debtor within the meaning of the act.  The case of a factor is, however, after the sale of the goods of his principal, one rather of implied than special trust.  As long as the goods of his prin-cipal remain unsold in *specie*, they can be reclaimed by the principal and will not pass to the factor's assignees in bank-ruptcy.  But after sale the proceeds of the goods of his vari-

ous principals pass into a general account, and it is never understood that the proceeds of the sale of goods belonging to each principal shall be kept specially set apart for such principal, but that the factor has permission to use such moneys as the exigencies of his business require. In other words, he is authorized by the course and custom of such business to keep and use the money thus received and carry it into account: making the trust of paying over the money not a special but an implied one, and upon that ground the supreme court of the United States seem to have placed the case to which reference has been made.

I understand, however, that the duty of a person who receives a note or other security to collect, is different. The note or security all the time belongs to his principal; the money when collected belongs to his principal; he has received it for the special purpose, and on the special trust to collect the money and keep it for his principal. It was never contemplated that the party, when he collected the money upon such security, could use it as his own, and carry it into account, and he is not authorized by any custom or general understanding in such cases, so to do. Where money is deposited in bank by various depositors, though the depositary bank is in a certain sense a trustee, and acts in a fiduciary capacity in receiving the deposit, yet, as it is universally understood that the bank should use such deposits in the course of its business, the deposit would not probably be a fiduciary debt within the meaning of the bankrupt act. So probably it would be as to promissory notes and bills of exchange deposited in bank for collection. But I think notes intrusted to private persons for collection would follow a different rule. I cannot distinguish this case from a note left with an attorney at law for collection. It seems to be the common understanding that in such case there is a special trust, and that the debt incurred by the attorney for the money thus collected, is a debt incurred in a fiduciary capacity. This understanding was countenanced in the act of May 9, 1846, in relation to non-exemption of attorneys from imprisonment. This act speaks of debts against attorneys and other persons

White *v.* Platt.

in a fiduciary capacity. (*Stat. p.* 164.) A *nisi prius* case, (*Flagg* v. *Ely,*) before Edmonds, Cir. Judge, (4 *N. Y. Legal Observer*, 100,) takes a similar view of fiduciary debts, and though perhaps not authority in this cause, is worthy of respect.

Upon the whole, therefore, I am of the opinion that the debt in this case is not barred by the discharge, and consequently that the judgment of the recorder's court should be reversed.

Judgment reversed.