Clark *v.* Pinckney.

---

## CLARK *vs.* PINCKNEY.

## LOUGHRAN *vs.* THE SAME.

Where the complaint states an employment of the defendant as a broker, by the plaintiff, in the buying and selling of gold coin and railway shares, for him; the deposit of a sum of money by the plaintiff with the defendant as security against loss on such transactions; the rendering of an account by the defendant, showing a balance due from him to the plaintiff; demand of the amount, and neglect or refusal to pay; a case of *agency* is set forth, in which there was no right to use the plaintiff's money, by the defendant, except in the plaintiff's business; making a clear case of money received by the defendant in a *fiduciary capacity;* and if such facts are not disproved, the defendant is liable to *arrest.* SUTHERLAND, J. dissented.

If the defendant, in such a case, fails to overcome, by a preponderance of evidence, the allegations of the plaintiff, that he deposited his money with the defendant merely to secure him against loss in the performance of the plaintiff's orders, as his agent, he ought not to be discharged from arrest, on the ground that the demand was not of a fiduciary character.

There is no weight of proof in favor of the defendant, where the plaintiff and defendant are the only witnesses, and their evidence is in direct opposition. *Per* LEONARD, J.

The question whether a former partner ought not to have been joined as a defendant, cannot be tried upon a motion to discharge an order of arrest.

*Geo. C. Barrett*, for the plaintiff, appellant.

*A. Prentice*, for the defendant, respondent.

Clark *v.* Pinckney.

LEONARD P. J. Appeals from orders vacating orders of arrest in each of the above cases. The defendant was arrested for the non-payment of money received in a fiduciary capacity, belonging to the plaintiff. He insists that it was not received within the meaning of that subdivision of section 179 of the Code, authorizing an arrest for money received in a fiduciary capacity.

The complaint alleges an employment of the defendant as broker and agent for the plaintiff to buy and sell gold coin, and railway shares, and the deposit of $4100 by the plaintiff, with the defendant, as security against loss on such transactions. Also that the defendant bought and sold gold coin and railway shares for the plaintiff between certain dates, and rendered an account showing the payments, charges and expenses, and the receipt of divers sums of money for the account of the plaintiff, a copy of which is annexed. Also that there is due from the defendant, on said account, as it thereby appears, $3983.19, which the plaintiff has demanded and the defendant neglects and refuses to pay. The first item of the account referred to, debits the plaintiff with $25,078.64, and after further debiting him with the cost of these purchases of gold coin, and two purchases of "Erie," with the commissions for buying and selling the same, government tax, one cash item amounting to $1253.16 and interest on "sales," amounting to $282.39, acknowledges a balance due to the plaintiff, amounting to $3983.19, the sum claimed by the complaint. On the credit side of this account, the plaintiff is credited with $1100, cash, in two items, the proceeds of four transactions in gold, four other transactions in "Erie," and one item "int. on a/c.," $75.55. The plaintiff made oath to the statements of the complaint as upon his own knowledge, and the order of arrest was granted thereon.

The defendant by his answer, denies the statements of the complaint, except so far as they are admitted. He states that he and one Culver were partners, and engaged in business

as brokers.   That the plaintiff applied to them to open an account, and desired interest to be paid to him on all sums until the same should be used in the purchases which he desired to make.   That the said firm made various purchases and sales for the plaintiff, who was sometimes a debtor and sometimes a creditor, and interest was allowed on both sides in accordance with the account.   The answer also claims that Culver is a necessary party.   It also states that the transactions mentioned in the answer are the same mentioned in the account annexed to the complaint.

The defendant also moves to vacate the orders of arrest upon his own affidavit, showing his partnership with Culver during a part of the time during which the said account was running, the retirement of Culver, and the assumption of the firm debts by the defendant.   That the plaintiff applied to the firm to open an account for the purchase and sale of gold and stocks for his account.   That such transactions were made for the plaintiff by the firm while it continued, and afterwards by himself, the defendant.   That the plaintiff deposited no money with the defendant, but he paid money to said firm, to be used with other money of the firm in purchasing stocks and gold, and it was agreed that the plaintiff, should be allowed interest on sums credited to him, and the firm should be allowed interest on sums paid by them for the account of the plaintiff.   That the business mentioned was transacted under that agreement.   That the account annexed to the complaint is the close of the business of the firm, and the interest is charged in pursuance of that agreement.

The facts, as stated by the defendant, bring the case within that class of bankers and factors' accounts, where credit has been given to the factor or banker, which have been held not to be of a fiduciary character, within the meaning of the section authorizing an arrest.   The statements of these parties are in direct antagonism.   The complaint, sworn to as true within the knowledge of the plaintiff, states a case of agency, in which no right to use the money deposited, except in the

Clark *v.* Pinckney.

plaintiff's business, exists—making a clear case of money received by the defendant in a fiduciary capacity. In such cases the rule has prevailed of holding the arrest. There is no weight of proof in favor of the defendant, where the plaintiff and defendant are the only witnesses, and their evidence is in direct opposition.

The defendant supposes that the account rendered by him, showing the payment of interest as he claims, on the sums received belonging to the plaintiff, and large advances by the defendant for his account, on which interest is also charged, tends to corroborate his statements. This account has been accepted by the plaintiff, and acted upon by him as showing the correct balance due. But I am not able to perceive that it conclusively establishes the defendant's theory. Until the last item, credited under date of September 17, there was no balance in favor of the plaintiff, and the account is brought down to the 27th of September, ten days later; the interest on the balance stated, during ten days only would not produce the sum with which the plaintiff is credited ($75.55) for interest. Interest on $4000, the sum claimed to have been deposited, from May 28, when the account commences, to September 17, when the transactions appear to be closed, a period of three and a half months, does approximate to the sum credited for interest. It is not stated by the defendant, that the amount of $4000, alleged by the plaintiff to have been deposited, was not in fact so received by the firm of which the defendant claims to have been a member. It is substantially admitted that Pinckney & Culver received that sum; the terms on which it was received is the point of dispute. I think it the most probable that the account charges interest on the whole amount of the several sums paid for the purchases of gold and stocks on the plaintiff's orders, without any deduction for the sum furnished by the plaintiff, and thus produces the correct result as to interest, by crediting it to the plaintiff, on the sum paid in by him. It clearly does not prove that the

plaintiff loaned the money, nor that he stipulated for interest on his deposit. At most, it proves only that the plaintiff was not to be charged interest on the sum furnished by him towards the purchases which he ordered. The whole of the operations appear, by the account, to have resulted in a trifling loss of about one hundred and seventeen dollars only, exclusive of the loss of interest, had the plaintiff obtained from the defendant, the amount deposited. That sum has been otherwise used. The defendant having failed to overcome by a preponderence of evidence, the allegations of the plaintiff, that he deposited his money with the defendant, merely to secure him against loss in the performance of the plaintiff's orders, as an agent, ought not to have been discharged from arrest on the ground that the demand was not of a fiduciary character. The other ground insisted on by the defendant to obtain his discharge, that his former partner ought to have been joined as a defendant, cannot be tried collaterally upon affidavits. His account rendered to the plaintiff is an admission against him, on this question that the transactions were between himself only, and the plaintiff. No reference is made to Mr. Culver in the account, as a party in any manner liable with the defendant. The objection affects the form of the action only ; and the probabilities appear to be decidedly with the plaintiff on the final result on the issue as to the non-joinder of Culver.

The orders vacating the orders of arrest should be reversed, and the motions to vacate the orders of arrest denied ; and the original orders of arrest reinstated, with $10 costs.

CLERKE, J. concurred.

SUTHERLAND, J. dissented.

[NEW YORK GENERAL TERM, November 4, 1867. *Leonard, Clerke* and *Sutherland,* Justices.]