## ROBIE *v.* SEDGWICK.

March, 1868.

Affirming 35 *Barb.* 319.

As against a simple trespasser, the facts that the plaintiffs have acted as trustees of a school district, and their predecessors had been for years in possesssion as such, of the school-house, is sufficient evidence of their incorporation.

A trespasser cannot defend an action brought by one in possession of land, claiming to be owner, by alleging a breach of a condition in the deed under which plaintiffs claim.

Reuben Robie, and two others, trustees of school district No. 5, in the town of Bath, brought an action in the nature of ejectment, in the supreme court, against William Sedgwick and Richard Hardenbrook, to recover possession of the school-house lot.

After many years' occupation the school-house was burned down, and an owner of adjoining ground extended his fence so as to include the lot, and two years afterward sold the whole inclosure to third persons, and defendants obtained possession under a contract with them for the purchase of the property.

It was proved on the trial, in addition to these facts, that school meetings had been held in the house, that trustees were elected, school-houses were erected, and all the business connected with a school district was transacted by the district, from 1819 down to the time of the trial.

The plaintiffs proved, by two of the trustees, that no records of the school district, previous to 1846, could be found; and the records of the district, from 1846 to the time of the trial,

were offered in evidence, from which it appeared the plaintiffs were trustees of the district, and it was admitted by defendants' counsel that plaintiffs were acting as trustees of the district when this action was commenced.

The plaintiffs then gave in evidence a deed, dated December 29, 1812, from Henry A. Townsend and others, to four persons, " Trustees of Bath School," for the premises in question, with habendum clause to them and their successors in office forever, with covenant of warrantee; and proved that the premises described in the deed were the same mentioned in the complaint.

Defendant moved for nonsuit, which was denied, and they excepted. The defendants then gave in evidence a quit-claim deed, dated October 8, 1824, from Henry A. Townsend to the trustees of the school district, of the premises in question, containing a clause that the premises should be forever used for the purpose of a school-house.

The plaintiffs recovered; and defendants appealed.

*Francis Kernan,* for defendants, appellants;—Insisted that the evidence wholly failed to prove title, incorporation or possession.

*D. Rumsey,* for plaintiffs, respondents.

BY THE COURT.—HUNT, Ch. J.—The first objection to the recovery in this case is based upon the allegation that the plaintiffs have not shown themselves to be a corporation. It was admitted upon the trial, by the defendants' counsel, that when this action was commenced, the plaintiffs were acting as trustees of school district number five. It was found that the records of the school district, prior to 1846, could not be found. Since that period the records show a continued action and succession of trustees of the district No. 5. The defendants themselves introduce a deed from Mr. Townsend, dated as early as the year 1824, in which a conveyance was made of the premises in question to three persons designated as " Trustees of School District No. 5, in the town of Bath." The statute of April 9, 1795 (3 *Greenl. L. N. Y.* p. 252), and of 1812 (1 *Rev. L.* 1813, p. 258), provided for the division of

towns into districts, and the election of separate trustees. The deed of December 29, 1812, was made to Dugald Cameron and others, "Trustees of Bath School.". The deed of 1824, as already stated, was to the "Trustees of School District No. 5, in the Town of Bath." I think other facts sufficiently show that the district has been divided, and a new corporation, as the successor in part of the old one, organized into the district termed No. 5.

Bearing in mind not only the existence of corporations by presumptive rights, but the statutes quoted above, there is sufficient ground for presuming the existence of the corporation in question, especially as against simple trespassers.

It is also objected that the plaintiffs established no title to the premises.

The action was commenced in February, 1859. The defendants, and those under whom they claimed, had been in possession for about ten years, with no pretense of title. It is apparent that the plaintiffs claimed to own, and actually occupied these premises, under a claim of title, based upon the deed of 1812. The deed of 1824 may be fairly assumed to have been given in aid of the title under the former deed, and was given to the trustees of this district. Under the title thus derived, whether effective or insufficient, this district occupied the premises, and maintained an actual occupation, until the fire in 1849. The earlier deed may leave some doubt as to the claim of this particular district, as it was made to the trustees of Bath school, generally. The deed of 1824, however, specifies this particular district, and from that time until 1849—a period of twenty-five years—this same district claimed to own under this deed, and actually possessed the premises in question.

This establishes a title in the plaintiffs, and authorizes the recovery in their behalf.

The deed of 1824 conveys the premises "as a site for a school-house, and for no other purpose." If this is a condition, and if it has been violated, that is a matter of no consequence to the defendants. It is between the parties to the deed or their representatives only. No others can allege a breach of the condition, or take advantage of it. Trespassers

can acquire no right under such a claim, Welch v. Silliman, 2 *Hill*, 491. Whether the plaintiffs acquired a title under this deed, I have not considered. As a claim of ownership, under which a possession for a sufficient length of time will ripen into a title, and without reference to the condition, it is undoubtedly available.

The judgment should be affirmed, with costs.

All the judges present concurred.

Judgment affirmed, with costs.