The plaintiff's cause of action against the defendants, as set out in the complaint, is founded upon their acceptance of a draft drawn upon them by the firm of A. Kinnick Co., doing business in Buffalo as carriers upon the canal, which draft was discounted by the plaintiff. The affidavits do not tend to show that the defendants were guilty of any fraud in making the acceptance; and while they disclose some circumstances, tending to show that the defendants lived in a somewhat extravagant and expensive manner, in houses of great value for the occupancy of insolvents belonging to their respective wives, yet they fail to *Page 607 
show that they or either of them has removed or disposed of any property with the intention of defrauding their creditors, or are about to do so. The order of arrest cannot be upheld upon either of the above grounds. Nor do I understand the counsel of the appellant as claiming that it can be. That part of the affidavits can have no bearing upon the order. The ground upon which the order was granted, and upon which it is now sought to sustain it, is that the defendants had, as agents of the plaintiff, collected money for it which they have failed to pay over, and have wrongfully converted to their own use. The affidavits show that the drawers of the draft had shipped several boat loads of grain from Buffalo to New York, upon which they had advanced the tolls, and upon which they would be entitled to freight upon delivery in New York, and for which they were entitled to a lien upon the respective cargoes. That this property was by the drawers consigned to the defendants to enable them to collect the liens of the drawers thereon and making delivery upon payment thereof to the parties entitled to receive it. The drawers made out bills of lading showing the amount of these liens and drew their draft upon the defendants therefor, which the plaintiff discounted, at the same time receiving the bills of lading indorsed to the bank by the drawers as security for the payment of the draft. The bank forwarded the draft to the defendants for acceptance, which was accepted, and also the bills of lading, with instructions to the defendants to collect the sums payable thereon and apply the same to the payment of the draft. The affidavits further show that the defendants collected the money and mingled it with their own and afterward failed, having paid upon the draft a sum amounting to only a part of that collected upon the bills of lading. The usage set out in the affidavits of the defendants, to the effect that those engaged in the same business as that of the defendants did not keep the sums collected upon different consignments separate and distinct, but that it was all mingled and deposited to the credit of such consignees, and that it was impracticable to transact *Page 608 
the great amount of this business in any other way, affords no protection to the defendants. The affidavits fail to show any knowledge of such usage by the plaintiff, or that it consented to this mode of doing the business. (Duguid v. Edwards, 50 Barbour, 290.)
It would appear from the affidavits that, aside from the bills of lading, the defendants, as to the drawers of the draft, were accommodation acceptors, and that the plaintiff was aware of this at the time of the discount and of the acceptance by this defendants; and that the money secured by such bills was the fund relied upon by the plaintiff to secure the payment of the draft, and to indemnify the defendants against the liability incurred by the acceptance. These bills were indorsed to the plaintiff; and thus the right to the money, payable thereon, became vested in it. The appellant's counsel insisted upon the argument that the defendants only became liable, upon their acceptance, for the payment of the money that they should thereafter collect upon the bills of lading, and that the action of the plaintiff, though in form upon the acceptance, is really for the recovery of this money. This position is incorrect. By their acceptance, the defendants became liable to pay the draft according to the tenor thereof, whether they ever collected anything upon the bills or not. Had the grain been lost during its transit to New York, they would have been equally liable upon the acceptance, as they were after its arrival there, and the collection of the money upon the bills. The action is founded upon the liability incurred by the acceptance, and not for the recovery of the money collected by the defendants upon the bills. There is nothing in the complaint showing that any money has been collected thereon by the defendants, or that any bills of lading whatever have been delivered by the plaintiff to the defendants. No allusion is made in the complaint to any liability of the defendants to the plaintiff for money collected by them for the plaintiff, or which they were bound by contract to apply in any way for the benefit of the plaintiff. No facts are stated, entitling the *Page 609 
plaintiff to an order of arrest in an action upon the acceptance. As that is the present action, the order of arrest was properly set aside by the Special Term. It could not be upheld by showing that the plaintiff had a cause of action for the wrongful application of money collected by the defendants in a fiduciary capacity, upon which no suit had been brought.
The order of the General Term, affirming that of the Special Term, must be affirmed.
All concur.
Order affirmed.