MICHAEL KELLY AND MARGARET BRADLEY, RESPOND-
ENTS, *v.* FRANCIS E. SCRIPTURE, APPELLANT.

*Code, § 179 — acceptance of draft by consignee — failure to pay same out of proceeds of consignment — Arrest — fiduciary capacity.*

Defendant, having in his hands certain malt consigned to him for sale by the plaintiff, accepted a draft in favor of a third person drawn on him by the latter on account thereof. Subsequently he sold the malt, but neglected to pay the draft, which the plaintiff was afterwards compelled to take up. In an action by the latter to recover the proceeds received upon the sale of the malt, *held,* that the defendant did not cease to be a factor or agent of the plaintiff upon the acceptance of the draft, and that an order of arrest was properly granted, on the ground that he had received the money in a fiduciary capacity. *F. and N. National Bank* v. *Sprague* (52 N. Y., 605); *German Bank* v. *Edwards* (53 id., 541) distinguished.

APPEAL from an order denying a motion to vacate an order of arrest.

*Frank E. Blackwell*, for the appellant.

*J. M. Guiteau*, for the respondents.

BRADY, J.:

The defendant received from the plaintiffs some malt for sale, which had not been disposed of. The latter then wrote him as follows:

"PHELPS, ONT. CO., N. Y., *December* 13, 1875.

" *F. E. Scripture* :

"DEAR SIR. — We wish you would dispose of the two cars of two-rowed you have in store at the best price you can obtain. Will you permit us to ship you one car of six-rowed in accordance with sample sent you, which you may dispose of for cash or thirty days' time, and we draw on you for $1,000 on the two cars of two-rowed, and the one of six-rowed? If this meets with your approval, please telegraph.

" Yours, etc.,

" KELLY & CO."

The result was that the plaintiffs drew upon the defendant for $1,000, payable to the order of a third person. The draft was not paid at maturity, and the plaintiffs having taken it up, and being ready therefore to surrender it to the defendant, and the malt having been sold, commenced this action, and obtained an order of arrest. The defendant moved to vacate that order, but the motion was denied. Hence this appeal. The defendant claims that by the acceptance of the draft the relations between him and the plaintiffs were changed, and that having acquired a special property in the goods by the acceptance, he was no longer factor, agent or person acting in a fiduciary capacity. This view is predicated of the decision in *F. and N. National Bank* v. *Sprague* (52 N. Y., 605), and in the *German Bank* v. *Edwards* (53 id., 541). It will be found, on examination of these cases, that they were brought upon the acceptance by the holder thereof, and not for the proceeds

of the property by the consignors. The defendants were held, therefore, not to stand in such relation to the plaintiffs as would subject them to arrest. The action in each case was upon the acceptance. In this case the action is for the proceeds of the sale, against which the draft drawn and accepted was made. It was in the nature of an advance and in anticipation of funds to meet it, which might reasonably be expected from a sale of the property before it matured. Such an incident in the dealings of the parties would not subvert the relation of factor or agent and principal. It only increased the defendant's lien on the property. (*Duguid v. Edwards*, 50 Barb., 288.)

The doctrine thus stated was declared in the case cited, and its correctness has not been questioned. The cases of *F. and N. National Bank* v. *Sprague* and the *German Bank* v. *Edwards* (*supra*), would seem, upon a superficial perusal, to be in conflict with this result, but they are distinguishable for the reasons stated.

The order appealed from, for these reasons, must be affirmed, with ten dollars costs and the disbursements of this appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.