WILLIAM G. MERRILL, JR., Appellant, *against* LUKE W. THOMAS, *et al.* Respondents.

(Decided January 7th, 1878.)

The interest which a factor has in goods consigned to him under a *del credere* commission is, as against the consignor, as extensive as is necessary for the protection of the factor for his advances and is limited by that necessity, and his right to collect the proceeds of such goods sold by him is not exclusive after his advances and charges are paid, and such right of collection may then be exercised by the consignor.

Debts due such factor for consigned goods sold by him, after his expenses and charges have been paid, do not pass to the assignee of such factor under a general assignment for the benefit of his creditors, so as to give such creditors any interest in the proceeds of their collection, and the assignee cannot be enjoined, at the suit of a creditor of the factor, from paying over to the consignor the proceeds of such debts collected by the assignee.

*It seems,* that if the factor had collected such debts, and had so mixed the proceeds with his own funds that they could not be distinguished, they would pass to his assignee under a general assignment.

APPEAL from an order of this court at special term, made by Chief Justice CHARLES P. DALY, denying a motion by plaintiff for an injunction pending the action.

The conceded facts of the case appear in the complaint, which recites substantially as follows :

The plaintiff is a general creditor of Thomas & Co., who have made an assignment for the benefit of creditors to the defendant, John L. Hill.

That before the making of the assignment, the firm of Thomas & Co. had certain dealings with the defendants, John Bradbury & Co., Holmes & Ellis, Booth & Miller, The Conversville Company, and The Chambersburgh Woolen Company, which consisted of consignments to them by said firms and corporations respectively, of goods for sale on commission, with the right to sell the same on time at the discretion of Thomas & Co., and upon the mutual agreement

also that said Thomas & Co. would make reasonable advances to said several consignors upon their respective consignments, as might be required, and for an additional percentage, as commission, would guarantee all sales that might be made by them of any of said goods, and should be reimbursed by the consignors certain expenses incurred by Thomas & Co. upon such several consignments.

That at the time of the execution of the assignment to defendant, Hill, Thomas & Co. had made sales unaccounted for of goods so consigned to them by each of the said firms and corporations, so that at that time there had accrued to each of said firms and corporations, upon such account, over and above all advances, commissions and disbursements, a large amount of money, aggregating the sum of one hundred thousand dollars, all of which were proceeds of such sales for such firms and corporations respectively to different purchasers on time, but which the consignor was not entitled, by the terms of the before mentioned agreement, to claim of Thomas & Co. until payment should become due from the purchasers.

That Thomas & Co. so kept their accounts in respect of each of said consignors and their consignments, that the precise goods consigned by each were thereby shown, and also the precise purchaser of each consignment, and of any portion of either, with the date of each sale and its amount, and the credit upon which the sale was made.

That Thomas & Co. made advances to said consignors upon all goods so consigned and sold, and payment for which was not due from the purchasers at the time of the assignment to Hill, which advances were in the form either of acceptances and payments by Thomas & Co. of sight drafts on them, or of acceptances of drafts payable at a future day; that of the latter a large amount are still out and not yet due, having been negotiated by or on account of said consignors.

That the assignee, Hill, has collected from various purchasers of the consigned property the sum of $25,000, leaving $75,000 still to be collected, and that said Hill continued

to keep the accounts as they were formerly kept by Thomas & Co.

That each of the said firms and corporations, defendants, claims the proceeds of sales, as they have been or shall be collected by said Hill, are and shall be the property of the consignors, of whose respective consignments such proceeds shall be the yield, and that the balance of such sales, after deducting all proper charges, commissions and advances, shall be paid over to such consignors.

That the assignee threatens to comply with this demand, and an injunction is prayed restraining him from doing so.

The court at special term denied plaintiff's motion for a preliminary injunction, on the ground that plaintiff had no right or equity in the estate or funds, the transfer or disposition of which was sought to be restrained.

*T. D. Pelton & John A. Osborne*, for appellant.

*Moses Ely & Ely & Smith*, for respondents.

JOSEPH F. DALY, J.—The theory of the plaintiff is, that the proceeds of the goods consigned to Thomas & Co. are their property, as against the consignors, because of the advances made by them and their guaranty of sales under their *del credere* commission. The consignment to them upon an agreement for advances gave them a vested interest in the goods for their protection and as security for their advances and charges; an interest which enabled them to hold the goods against third parties and the consignor himself, but only so far as was necessary for their protection and security, and their title was a qualified one. (*Grosvenor* v. *Phillips*, 2 Hill, 147 ; *Francklyn* v. *Sprague*, 10 Hun, 589.) They have the same interest in the proceeds of sales that they had in the property sold, a special interest to the extent of their advances. As guarantors under a *del credere* commission they had no exclusive right to collect the proceeds of sales; the consignor might collect them. (*Sherwood* v. *Stone*, 14 N. Y. 267–270.) Until their advances were repaid they

might have the exclusive right to collect, but if these were repaid, the relation of the consignor to the purchaser of the goods—that of vendor with the right to sue for the price—would be unquestioned. While such a relation exists between the consignor and the purchaser from the factor there can be no such thing as general and exclusive title to goods or proceeds in the factor.

Any confusion on this point arises from adjudications upon section 179 of the Code of Procedure as to the alleged fiduciary character of the relation between consignor and factor, and the right of arrest for failure to pay over the proceeds of consignments. Of this nature, or rather on this question only, are the decisions cited by the appellant in support of his claim of absolute title in the factor as against the consignor. (*German Bank* v. *Edwards,* 53 N. Y. 541; *Farmers' & Mech. Bk.* v. *Sprague,* 52 N. Y. 605; *Liddell* v. *Paton,* 7 Hun, 195.) In all the cases upon the question of arrest of the factor at suit of the principal, the inquiry is, whether the fiduciary relation, *i. e.,* that of personal trust, exists, and the distinction between such trusts and the ordinary relation between consignors and general commission merchants has been pointed out repeatedly. (*Stoll* v. *King,* 8 How. Pr. 298; *Sutton* v. *De Camp,* 4 Abb. Pr. N. S 483; *Clark* v. *Pinckney,* 50 Barb. 226; *Duguid* v. *Edwards,* 32 How. Pr. 254.)

If the goods consigned were unsold at the time of the assignment they would not have passed to the assignee. (*White* v. *Platt,* 5 Denio, 269–273.) It might be that moneys collected from sales under such consignments, if in the possession of the assignor at the time of the assignment and mingled with his other funds, would pass to the assignee; but I regard the case to be different where the assignee proceeds to collect the proceeds of such sales and to pay them over to each consignor according to the latter's separate consignment account. Each consignor might have made such collections himself for sales of his own goods if the factor had not the special property therein for his advances. The title to the proceeds of the sales is not divested

from the consignor, as I understand it, unless the factor, as he may, chooses to mix them with his own funds and to use them as the exigencies of his business require. (*White* v. *Platt, supra.*) Had the factor collected the proceeds of sales and deposited them in a separate account for the consignor, they would have been treated as trust funds and would not have passed to the assignee. The assignee has not the power which his assignor had to mix the collections he makes with the other funds of the estate and thus to destroy the character of the title to them and subject them to the payment of the creditors at large. This is the power or privilege of the factor, but not of his assignee.

For these reasons I regard the disposition of the moneys collected by the assignee as proposed by the latter eminently proper, and think the order of the special term should be affirmed with costs.

VAN HOESEN and LARREMORE, JJ., concurred.

Order affirmed with costs.