WILLIAM MOORE, APPELLANT, *v.* GEORGE HILLABRAND AND ANDREW F. DYKES, RESPONDENTS.

*Shipment of goods on a* del credere *commission — the title to the unpaid purchase-money, for goods sold by the factor, remains in the shipper.*

In an action, brought by one Zoller against the firm of Groht & McLaren, claims due to the firm from two companies, and the sum of eighty-two dollars and twenty-five cents deposited in a bank to its credit, were attached. The claims were due to, and the money was received by, the firm upon the sale of goods shipped to it by the plaintiff to be sold on a *del credere* commission.

In this action, brought by the plaintiff against the sheriff to recover the amount received by him under the attachment:

*Held,* that the facts showed that the legal title to the claims and money was in the plaintiff and that he was entitled to recover.

APPEAL from a judgment in favor of the defendants, entered upon the dismissal of the complaint.

*John E. Eustis,* for the appellant.

*J. Geo. Flammer,* for the respondents.

BRADY, J.:

This action was brought against the sheriff of this county to recover the sum of $326.50 received by him under an attachment in a suit in which Jacob Zoller was plaintiff and the firm of Groht & McLaren were defendants. After a demand for payment had been made upon the sheriff, Zoller caused an indemnity bond to be given to him by the defendants in this action, who were thereupon substituted as defendants herein.

It appears that the plaintiff was a shipper of butter and cheese to the firm of Groht & McLaren, commission merchants, and claimed to be selling under a *del credere* commission, and when the attachment was issued the Old Colony Steamboat Company and the Norwich Transportation Company were indebted for some of the goods thus consigned to the firm mentioned. The sheriff under the attachment collected the claims and attached the bank account of the firm, receiving therefrom the sum of eighty-two dollars and twenty-five cents which had just been deposited there by them, and which sum was the proceeds also from the sale of

some of the plaintiff's goods. The complaint was dismissed upon the ground that the action was brought for conversion, obliging the plaintiff in order to maintain it to show that the moneys belonged to him and were wrongfully taken from him by the sheriff.

In the case of *Wallace* v. *Castle* (14 Hun, 106) it was held that the fiduciary relation existing between a factor and his consignor is not destroyed even if the factor is acting under a *del credere* commission; and that in such a case when he was paid by the debtor the money so received was the money of the consignor and not of the factor, and for a conversion thereof the latter was liable to arrest. In expressing the opinion of the court at Special Term in that case and which was sustained at the General Term, the learned justice referred to the case of *Ostell* v. *Brough* (24 How. Pr., 274), in which it was held that if the factor actually received the proceeds of the sale he was liable to arrest for a failure to pay it over even when he received a *del credere* commission. The learned justice refers to the fact that that case was cited with approval in the *German Bank* v. *Edwards* (53 N. Y., 541) and *Duguid* v. *Edwards* (50 Barb., 288) in which the point was directly involved. And it was also declared that when the relation of principal and factor was made out, the burden was upon the latter, if he desired to relieve himself from his ordinary responsibility to show some special agreement or some course of dealing inconsistent with the strict relation. And the court, when the case was disposed of at the General Term, declared that the relation of factor continued with all its obligations and burdens, and that the money received by the factor was the plaintiff's money and not the factor's. The identical money received was therefore the property of the plaintiff.

And this doctrine was also expressed in the case of the *Converseville Company* v. *The Chambersburg Woolen Company et al.* (reported in the same volume of Hun, at page 609). It was there decided that where goods are consigned to a firm to be sold upon a *del credere* commission and the firm makes a general assignment for the benefit of its creditors, the consignors are respectively entitled to all the proceeds of the goods so consigned which come into the hands of the assignee. And it was said that the factor's contract of guarantee was a cumulative security to his principal; it worked no other change in the legal relations existing between them.

Where property is consigned upon an agreement for advances, and the advance is made, it gives the factor a vested interest in the goods for his protection, and as security for his advances and charges and interest which would enable him to hold the goods against third parties or the consignor himself, but only so far as would be necessary for his protection and security, and his title is therefore a qualified one. He has the same interest in the proceeds of the sales that he has in the property sold, a special interest to the extent of the advances. As guarantor under a *del credere* commission he would have no exclusive right to collect the proceeds of the sales; the consignor might collect them. (*Merrill* v. *Thomas*, 7 Daly, 393, and cases cited; *Sherwood* v. *Stone*, 14 N. Y., 267, 270.)

There seems to be no doubt therefore, upon these authorities, that in regard to the bills which were due and unpaid for the goods consigned by the plaintiff and sold by the firm, the plaintiff was not divested of his title and that they could not be seized under an attachment by a creditor of the firm. There was no proof of any advance, and their interest, if any (which was not proved upon the trial of this case), was the extent of their commissions and charges. The money which was deposited in the bank is not shown to have been mingled with any other money. It is true it is proved that it was deposited in their general account; but whether the account contained anything more than that does not appear upon the record. But under the authority of the case of the *Converseville Company* v. *The Chambersburg Woolen Company et al.* (*supra*) it would make no difference, because the amount was easily ascertainable from the testimony given. *Walter* v. *Bennett* (16 N. Y., 250) is not in conflict with any of the views herein expressed. That was a controversy between principal and agent, and the question involved was whether an action would lie to recover the possession of personal property when it appeared that the defendant had parted from the possession of it before the commencement of the action.

JOHNSON, J., said: The complaint states two causes of action, each of which is a claim to recover personal property with damages for its wrongful detention. Upon the trial the plaintiff endeavored to make out a wrongful conversion by his agent of a draft or bill of exchange, and was held by the judge who tried the cause to have failed in so doing. The defendant was the agent of

the plaintiff to make the sale and collect the proceeds, and when he received from the purchaser a bank draft, payable to his own order, he was not acting in violation of his duty in reducing it into money or having it passed to his own credit in bank. Undoubtedly the plaintiff might have demanded the draft of him upon his receipt of it, and would have been entitled to the specific delivery of it so long as it remained in the defendant's possession; but in the absence of such demand the defendant might lawfully dispose of it in the ordinary course of business.

In *Greentree* v. *Rosenstock* (61 N. Y., 583), the question considered affecting the case in hand was whether the complaint was one in tort or on contract. And it was held the allegations were sufficient to sustain the proposition that it was an action upon contract, and the statement of a conversion was an erroneous legal conclusion from the facts averred charging no possible crime to the defendant. The action was between principal and agent.

The case of *Sutton* v. *De Camp* (4 Abb. Pr. [N. S.], 483) did not involve the point considered herein. That was a motion to vacate an order of arrest which had been granted against the defendant as an auctioneer, upon the ground that a fiduciary relation existed between him and the plaintiff, the defendant acting under a guarantee or *del credere* commission. The court stated in that case that when a guarantee was given such as mentioned, the auctioneer became a surety, but that a fiduciary character did not exist, if at all, until the receipt of the moneys which he had obligated himself to pay. In that case he had not received the moneys for the goods sold by him.

In the case of *Kip* v. *Bank of New York* (10 Johns., 63) it was declared that property held in trust did not pass under a bankrupt commission, and if the property held in trust remained in specie or in goods or in notes or other choses in action, the *cestui que trust* was entitled to the property and not the general creditors of the bankrupt or insolvent; and farther, that though the trust property was converted into money, yet if kept separate and distinct, so that it could be traced and distinguished from the general mass of the insolvent's estate, it would go to the *cestui que trust*.

The conclusion arrived at, upon an examination of these authorities, is that upon the case, as spread upon the record, the plaintiff

was entitled to recover. The debts which had been contracted upon the sale of his property by his factor, which were not paid, were collectible by him and were his property and the money deposited in the bank was easily traceable. Indeed, it was not shown to have been mingled with any of the factor's own funds therein, and therefore was not subject to the demands of other creditors.

For these reasons the judgment must be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.