lessee and as a valid and binding obligation. To permit them to escape from the liability on their guaranty, after full enjoyment of the term, would be to lend judicial sanction to a fraud upon the plaintiff corporation, which acted in good faith on the defendants' acts and solemn obligation. The defense is technical, and without either merits or morals to support it.

The judgment is right, and must be affirmed, with costs.

O'DWYER, J., concurs.

---

(31 Misc. Rep. 499.)

HAMPTON & B. RAILROAD & LUMBER CO. v. SIZER et al.

(City Court of New York, General Term. May 1, 1900.)

ATTACHMENT—PROPERTY SUBJECT.
    Where property is consigned on commission, the agent has no leviable interest therein.

Appeal from trial term.

Action by the Hampton & Branchville Railroad & Lumber Company against Robert R. Sizer and others. From a judgment at a trial term in favor of defendants, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Willis B. Dowd, for appellant.
Conway & Westbrook, for respondent Sizer.
Henry C. Wilcox, for respondent American Surety Co.

CONLAN, J. The action is to recover certain chattels, to wit, about 79,000 feet of lumber; also for damages for detention. It is alleged that the plaintiff was, and still is, the sole owner and entitled to the sole possession of said lumber, and to each and every part thereof, and that the defendant Sizer wrongfully and unlawfully caused the same to be seized under an attachment against the firm of Campbell & Scherer, and sold by the sheriff in satisfaction of a judgment obtained against that firm by the defendant Sizer. The American Surety Company was substituted as a defendant in the place of the sheriff, having indemnified the latter.

There is no dispute—certainly no proof—but that the plaintiff was the original owner of the lumber in question. It was cut, dressed, and shipped by the plaintiff to New York. Scherer was acting as agent of the plaintiff in the transaction, as clearly appears from the evidence in the case; nor is there anywhere in the record any evidence that Campbell & Scherer, the judgment debtors, ever acquired any title to this precise property, and it does not appear upon what pretense of title in them the same was ever taken by the sheriff under the attachment. It is claimed by the defendants that, because Scherer was entitled to a commission in the transaction, therefore there was a leviable interest as against him in the property. This we think is untenable, and it does appear that Scherer had been paid his commission by the plaintiff. With no

better evidence of title in the judgment debtors than is disclosed by the record, we are of the opinion that there was no such a right of property or possession in these parties as to render the same subject to a levy by the defendant Sizer; and the taking of the property of a third person in satisfaction of a debt, whether in judgment or otherwise, was an unauthorized interference with the property and rights of such third person.

There was not, in our opinion, any reason for withholding from the jury the consideration of the case upon all the evidence adduced; and the refusal of the trial court to permit the plaintiff to go to the jury on the question of the title to the property and of its rights to recover possession thereof was error, which calls for a reversal of the judgment.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.