(137 App. Div. 94.)

### HICKOK v. COWPERTHWAIT et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. PLEDGES (§ 25*)—POSSESSION—SURRENDER—WAIVER OF LIEN.

A pledgee who parts with possession of the pledge thereby waives his lien.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. § 55; Dec. Dig. § 25.*]

---

2. Pledges (§ 25*)—Possession—Surrender—Special Purpose—Bailee.

   The pledgee may temporarily return the property to the pledgor for some special purpose without losing his right, and the pledge will remain; the pledgor being a special bailee, agent, or servant of the pledgee.

   [Ed. Note.—For other cases, see Pledges, Cent. Dig. § 57; Dec. Dig. § 25.*]

3. Corporations (§ 123*)—Pledge of Stock—Possession—Surrender—Property of Trustee—Notice.

   Where the debtor, in place of the original pledge returned to him, not for any special purpose of the pledgee, substituted certificates of stock standing in the name of a third person as trustee, upon receipt of such certificates, the pledgee was charged with notice that he received in pledge the property of a trustee, as security for a debt arising out of an independent transaction, and hence he took such security at his peril.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 539–546; Dec. Dig. § 123;* Pledges, Cent. Dig. § 49.]

Appeal from Special Term, Kings County.

Action by Frank M. Hickok, as receiver of Frank H. Cowperthwait, against Frank H. Cowperthwait and others. Judgment for defendants, and plaintiff appeals. Reversed, and new trial granted.

See, also, 122 N. Y. Supp. 1131.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Samuel Evans Maires, for appellant.

Lewis Squires, for respondents.

JENKS, J. This plaintiff brought two actions for fraud against the Cowperthwaits. The actions were tried together, and the records are identical. In one action a certain corporation was made a party defendant, and in this action the respondent Aymar. The appeals in these actions are separate. Our judgment in the action first heard on appeal, written by Burr, J. (Hickok v. Cowperthwait, 134 App. Div. 617, 119 N. Y. Supp. 390), disposes of all of the questions as to the transactions of the defendants Cowperthwait, and therefore as to them this judgment is reversed. We have then but to consider this appeal as to the respondent Aymar.

At the time of the alleged fraudulent transactions of the Cowperthwaits, Aymar, as creditor of Cowperthwait, Sr., held on pledge as security for the debt certain certificates of stock standing in Cowperthwait senior's name. The contention, therefore, is that Aymar had a valid lien upon that stock as against this plaintiff. But it appears that, at the instance of the said pledgor, Aymar delivered up the certificates to him. The learned counsel for Aymar recognizes the rule that a pledgee who parts with possession of the pledge thereby waives his lien (Black v. Bogert, 65 N. Y. 601; Casey v. Cavaroc, 96 U. S. 467, 24 L. Ed. 779), but insists that the delivery in this instance was within the exception to the rule applied in Hays v. Riddle, 1 Sandf. 248, which case he insists is decisive of the case at bar, and in White v. Platt, 5 Denio, 269. It is well settled that:

"The pledgee may return the property to the pledgor for some special purpose without losing his right, and the pledge will remain." Fairbanks v. Sargent, 117 N. Y., at page 334, 22 N. E., at page 1042, 6 L. R. A. 475.

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

But in the cases cited the parting of possession was temporary and for a special purpose, so that the pledgor became a mere special bailee, agent, or servant of the pledgee. In Hays v. Riddle, supra, the pledgee ·delivered up bonds, which were convertible into stock at the option of the holder, for the specific purpose of such conversion, whereupon the stock was to be returned to the pledgee. In White v. Platt, supra, the pledgee of promissory notes delivered them up for collection that the proceeds might be returned to him. These cases, and others like unto them, are discussed in Casey v. Cavaroc, supra. See, too, Jones on Pledges, § 44 et seq. But, as the court say in Casey v. Cavaroc, supra:

"All the cases cited, however, show that a bailment to the pledgor for a mere temporary purpose for the use of the pledgee, or for the repair and con-·servation of the pledge, will not destroy the latter's possession. At the same time they imply that a redelivery to the pledgor, except for the special and temporary purposes indicated, divests the possession of the pledgee, and de-·stroys the pledge."

Upon naked request Aymar returned the certificates, and there is no proof that he did so for any special, limited, or temporary purpose of his own, or for his own benefit, so that the pledgee could be regarded in possession as the special bailee, servant, or agent of the pledgor. Moreover, it does not appear that Cowperthwait, Sr., after he obtained possession of the certificates, dealt with them for the benefit or to the use of Aymar in any way. He caused the stock represented by the ·certificates, together with a few other shares, to be transferred to Cowperthwait, Jr., as trustee, and then delivered certificates standing in the name of Cowperthwait, Jr., as trustee, to Aymar, as security for the ·old debt. This was done in two instances at about the time when the .actions wherein this plaintiff became receiver came on for trial.

We are not concerned with the reasons for the acts of Aymar. He .appears in this record as a complacent creditor, business associate, and friend, who was willing to accede to the requests of Cowperthwait, Sr., without inquiry, to act in accord with his wishes without demur, and to accept whatever was given without complaint. It may well be that he supposed that the security he finally received was as valid as that ·originally given. But Aymar did not receive finally the original pledge, ·or anything that represented it. The debtor, in place of the original pledge returned, substituted certificates of stock owned by Cowperthwait, Jr., as trustee—a third party, so far, at least, as Aymar was ·concerned—which could be done. Jones on Pledges, § 53, and authorities cited. When Aymar received such certificates, he must be charged with notice that he received in pledge the property of a trustee as se-·curity for a debt arising out of an independent transaction, and hence he took such security at his peril. First Nat. Bank v. Nat. Broadway Bank, 156 N. Y. 459, 51 N. E. 398, 42 L. R. A. 139; Gaston v. Am. Exch. Nat. Bank, 29 N. J. Eq. 98.

For these reasons, the judgment must be reversed, and a new trial granted; costs to abide the final award of costs. All concur.