PLYMOUTH RUBBER COMPANY, Plaintiff, *v.* DAVID H. KNOTT, etc., AMERICAN SURETY COMPANY, etc., Defendants.

(Municipal Court of the City of New York, Borough of Manhattan, Ninth District, March, 1921.)

Contracts — when consignment of merchandise upon conditions not conditional sale — title in consignor — attachment — conversion — damages — Personal Property Law, § 62.

An agreement for the consignment of merchandise upon conditions therein stated is not such a contract for the conditional sale of goods and chattels as is required, by section 62 of the Personal Property Law, to be filed.

Municipal Court of New York, March, 1921.    [Vol. 114.

Under such an agreement the title to the goods remains in the consignor and they are not subject to attachment by a creditor of the consignee.

Where a sheriff's jury finds that certain goods, when attached in an action against the consignee, were the property of the consignor, the plaintiff, in an action against the sheriff or his surety on a bond for a return of the goods, for a wrongful conversion, is entitled to recover as damages the highest value of the goods between the time of the conversion and the trial of the action.

ACTION for damages.

Charles B. Alling, for plaintiff.

Bennett E. Siegelstein, for defendant.

GENUNG, J.    This is an action for damages for wrongfully seizing and taking into his possession certain rubber goods, claimed to be the property of the plaintiff, and for the value of the said rubber goods, brought against the sheriff of the county of New York, for whom the American Surety Company of New York has been substituted as defendant.

The rubber goods in question were shipped by the plaintiff to one Smith, who had a place of business at 132 West Broadway, New York, under invoices, marked " consigned to " Smith. These consignments were all made pursuant to an agreement between the plaintiff and Smith, dated September 10, 1919. This agreement was made between the plaintiff, designated as " consignor," and Smith, designated as " consignee," and provided: " The consignor upon acceptance of orders placed with it by the consignee agrees to furnish the consignee its goods upon the following terms and conditions:

" (1) The title to all goods so furnished to the consignee shall remain in the consignor until a sale

thereof shall have been effected by the consignee, and until such sale, the consignee agrees to keep the said goods of the consignor insured  *   *   *  for the benefit of the consignor  *   *   *.

" (2) No credit shall be given by the consignee to any of his customers for a greater length of time than ninety (90) days without the written consent of the consignor  *   *   *.

" (3) The consignee shall keep a separate set of books in which he shall enter all goods received from the consignor  *   *   *.

" (4) Upon the sale by the consignee of any of the goods consigned hereunder, the consignee shall forthwith forward to the consignor the funds received by him therefor, after first deducting, however, for his own use and benefit the difference between the price at which the goods were consigned to him by the consignor and his sale price to the customer.

" (5) In the event of a sale by the consignee of the goods of the consignor where shipment is requested and made direct to a customer of the consignee and the goods billed to the consignee by the consignor, such goods so shipped and billed shall be subject to and under all the terms and conditions of this agreement.

" (6) All goods shipped by the consignor to the consignee prior to the date of execution of this agreement and now in the possession of the consignee now unsold shall be subject to and under all the terms and conditions of this agreement.

" (7) In the event of a sale by the consignee of the goods of the consignor where shipment is requested and made direct to the customer of the consignee and the goods billed to the customer, the said consignee hereby guarantees the payment of such accounts  *   *   *,"

After the making of this agreement, in December, 1919, an action was commenced in the Supreme Court, New York county, against the said Smith by Goldberg & Freud, for goods sold and delivered in the sum of $2,477.05, and an attachment was issued to the sheriff of the county of New York against the property of the said Smith. The sheriff attached certain rubber goods in the place of business of the said Smith, at 132 West Broadway. A claim was made " in behalf of " the plaintiff for the rubber goods. The said Smith did not appear in the action, and, after service had been perfected against him, a judgment was entered by default in the sum of $2,691.42. Thereafter, on July 26, 1920, the sheriff sold the said rubber goods for $410, said Goldberg & Freud having filed a bond issued by the American Surety Company of New York. The plaintiff made claim to the said rubber goods and a sheriff's jury found that such rubber goods belonged to the plaintiff at the time of said attachment by the sheriff of the county of New York. Thereafter an additional bond was issued by the American Surety Company of New York and a demand was made on the sheriff of the county of New York for the return of said rubber goods, and upon his failure to comply therewith the plaintiff brought this action in conversion.

The defendant claims that the plaintiff has failed to prove by a preponderance of the evidence that the rubber goods attached by the sheriff were its property. The plaintiff has stipulated that the agreement of September 10, 1919, has not been filed in either the office of the county clerk or the register of the county of New York, nor has a conditional bill of sale or chattel mortgage been filed. The defendant claims that the agreement of September 10, 1919, is required to be filed by the statute (Pers. Prop. Law [Consol.

Laws, chap. 40], § 62), and the alleged agreement not having been filed either as a conditional bill of sale or as a chattel mortgage is of no force and effect, in so far as third parties are concerned.

Section 62 of the Personal Property Law provides: " Except as otherwise provided in this article, all conditions and reservations in a contract for the conditional sale of goods and chattels, accompanied by delivery of the thing contracted to be sold, to the effect that the ownership of such goods and chattels is to remain in the conditional vendor or in a person other than the conditional vendee, until they are paid for, or until the occurrence of a future event or contingency shall be void as against subsequent purchasers, pledgees or mortgagees, in good faith, and as to them the sale shall be deemed absolute, unless such contract of sale, containing such conditions and reservations, or a true copy thereof, be filed as directed in this article, and unless the other provisions of the lien law applicable to such contracts are duly complied with.  *  *  * "

The agreement of September 10, 1919, is not such a contract for the conditional sale of goods and chattels as is required by the foregoing provision of the statute to be filed. There is no provision of law requiring that such a contract be filed. The Factor's Act (Pers. Prop. Law, § 43) is not applicable nor is any other section of the Personal Property Law. It is an agreement for consignment of merchandise by the plaintiff to Smith under the conditions therein stated. Such consignments and the rights of the parties thereto have been defined by the courts.' *Rolker* v. *Great Western Insurance Company,* 4 Abb. Ct. App. Dec. 73; *Seymour* v. *Wyckoff,* 10 N. Y. 213; *Baker* v. *Nat. Exchange Bank,* 100 id. 31; *Commercial National Bank* v. *Heilbronner,* 108 id. 439; *Britton* v. *Ferrin,* 171

id. 235. It has been held that in certain cases goods shipped on consignment cannot be seized under an attachment. *Moore* v. *Hillabrand,* 16 Abb. N. C. 477; *Hampton & B. R. & Lumber Co.* v. *Sizer,* 31 Misc. Rep. 499; *Marine* v. *Jauncey,* 1 Barb. 486; *Francklyn* v. *Sprague,* 10 Hun, 589; *Converseville Co.* v. *Chambersburg Woolen Co.,* 14 id. 509. As the agreement of September 10, 1919, was not required by statute to be filed, the title to the rubber goods remained in the plaintiff, and the said rubber goods were not subject to attachment by a creditor of the consignee.

The regular rule of damages in an action for conversion is applicable to this case, that for a wrongful conversion of property where there is a rise in the value of the chattel after the conversion, the plaintiff may recover the highest intermediate value between the time of the conversion and the time of the trial. *Romaine* v. *Van Allen,* 26 N. Y. 309; *Burt* v. *Dutcher,* 34 id. 493; *Scott* v. *Rogers,* 31 id. 676; *Groat* v. *Gile,* 51 id. 442. The value of the rubber goods at the time of the attachment was as follows: 1,353 pairs of black toesans at forty-eight cents, and 238 pairs of tan toesans at seventy-one cents, a total of $818.42. Prior to the institution of this action the price advanced, making the value as follows: 1,353 pairs of black toesans at fifty-five cents, and 238 pairs of tan toesans at eighty-five cents, a total of $946.45. This testimony as to value was not contradicted. The plaintiff, therefore, is entitled to recover judgment against the defendant for the amount of $946.45, with interest from December 20, 1919, amounting to $59.92, making a total of $1,006.37, with ten days stay of execution.

Judgment accordingly.