Haggerty
v.
Taylor.

HAGGERTY and others *vs.* TAYLOR and others.

Where the general partners, in a limited copartnership, after the time fixed for the termination of such copartnership, continued to give and take notes in the name of the firm, and some of the notes thus given were transferred to bona fide holders who were not aware that they had not been given for debts due from the firm; *Held*, that the holders of such notes were not entitled to come in with the creditors of the firm and participate rateably in the assets of the limited copartnership; and that the creditors of the firm were entitled to a preference in payment out of such assets.

*Held also*, that if the special partners had made themselves personally liable to the holders of the notes, by allowing the general partners to continue business, in the name of the firm, after the time limited for the expiration of the partnership, the remedy of the holders of the notes was by an action at law against the general and special partners to charge them personally.

The statute having required the terms of a special partnership, and the time of its continuance, to be published at the commencement of its business, no formal notice of the dissolution of the firm, at the end of the limited period, is necessary to prevent the general partners from charging the copartnership with new debts contracted after that time.

THIS was an appeal by the complainants from an order  April 18. of the vice chancellor of the first circuit, dissolving an injunction and denying an application for the appointment of a receiver. The complainants claimed to be creditors of the limited copartnership of Booraem & Co., which was insolvent, and to be entitled to a rateable proportion of the assets of the firm in payment of their debt. From the bill and answer it appeared that in the summer of 1834, a limited partnership was formed between the four executors of H. Booream deceased, as the special partners, and T. L. Booraem and F. L. Clark, two of such executors, in their private capacities, and J. B. Rathbone, as general partners; and the executors, as such special partners, under an authority contained in the will of their testator, contributed $40,000. The partnership was to continue for two years and six months from the 1st of July, 1834. After the expiration of the time limited for the continuance of the copartnership, the general partners continued to give and take notes in the name of the firm, but became embarrassed and stopped payment in April, 1837. In October,

1843.

Haggerty
v.
Taylor.

1838, T. L. Booraem, who was largely indebted to the firm, persuaded the other acting copartners to give to the firm of Booraem & Dedrick, of which he was a member, the notes of Booraem & Co. for $15,000 ; two of which notes, amounting to about $4000, and payable eight months after date, were transferred to the complainants for a valuable consideration before they became due and payable.

*E. S. Van Winkle*, for the appellants.

*W. C. Noyes*, for the respondents.

The Chancellor. The only question necessary to be decided upon this appeal is, whether the complainants are creditors of the limited partnership, as such, so as to entitle them to share rateably, in the assets of the firm, with other creditors whose debts were contracted before the 1st of January, 1837. The statute requires, among other things, that the persons forming a limited partnership shall state, in their certificate, which is to be acknowledged and filed, the time when the partnership is to commence and the period at which it will terminate. (1 *R. S.* 764, § 4, sub. 5.) As the terms of the special partnership and the time of its continuance are to be published at the commencement of its business, every person dealing with the firm is presumed to have notice of the termination of the copartnership ; so that no formal notice of the dissolution of the firm is necessary to be given, to prevent any of the general partners from charging the copartnership with new debts, contracted after the termination of the copartnership. The statute also expressly provides, that every renewal or continuance of such partnership beyond the time originally fixed for its duration, shall be certified, acknowledged, and recorded, and notice thereof published, in the same manner as at its original formation ; and that every such partnership which shall be otherwise renewed or continued, shall be deemed a general partnership. (*Idem*, § 11.) The

limited partnership of Booraem & Co., therefore, terminat-
ed on the 1st of January, 1837, not only as to those who
had actual notice of the period limited for its continuance,
but also as to those who had constructive notice thereof by
the publication of the notice at the commencement of the
partnership, as required by the statute. And those who
were creditors of the firm previous to January, 1837, are
entitled to a preference, and should be paid rateably out of
the property which then belonged to the limited copart-
nership.

If the executors have rendered themselves personally re-
sponsible to any new creditors, as general partners with
Booraem, Clark & Rathbone, by carrying on any partner-
ship business in the name of the old firm after the expira-
tion of the time limited for the continuance of the limited
partnership, the remedy of the complainants is by a suit at
law against them in their individual capacities.

The vice chancellor was, therefore, right in refusing to
appoint a receiver of the effects of the limited copartnership,
upon the application of these complainants. The order ap-
pealed from must therefore be affirmed, with costs.