## NEW-YORK COMMON PLEAS.

### LEVY agt. ELY and others.

A complaint verified by the plaintiff in the manner prescribed by the Code, is an affidavit upon which an injunction may be granted, if the material facts are alleged positively, and not on information and belief.

The cause of the conflict of decisions upon this question pointed out by counsel.

The complaint stated that a draft was drawn on defendants; that they accepted it; that the payee indorsed it; then set out a copy of the draft and acceptance, and then averred that defendants were indebted to the plaintiff thereon in a specified sum; *held*, that this was a sufficient statement of facts to constitute a cause of action.

What is sufficient evidence of insolvency to authorize an injunction and appointment of a receiver, in an action by a creditor of a partnership on an indebtedness of the firm.

*Special Term, February*, 1858.

MOTION to continue a temporary injunction, and for the appointment of a receiver.

C. BAINBRIDGE SMITH, *for the plaintiff*, insisted,

I. The complaint is sufficient, as well in setting forth the cause of action, as for the purposes of obtaining and continuing an injunction.

1. The complaint in setting out the defendants' indebtedness, complies with section 162 of the Code. · (*See Allen* agt. *Patterson*, 3 *Seld.* 476.)

. 2. The complaint, being verified and the allegations made unqualifiedly, is to all intents and purposes an affidavit. The · conflict of decisions upon this point is in consequence of an amendment of the Code, and the verification of the complaint, and a misapprehension of its effect. The section requiring an affidavit to obtain an injunction is the same as the Code of 1848 ; and under that Code, the verification to the complaint was to the effect that the party making it believed it to be. true ; hence, an affidavit, in addition to the complaint, was then required. (*Code of* 1848, §§ 133, 193 ; *id.* 1857, §§ 157, 220.)

II. The defendants are a limited partnership formed under and pursuant to the Revised Statutes, and have become insol· vent. An injunction and receiver will be granted at the instance of one of the creditors in such case. The action is commenced on behalf of the plaintiff, and all other creditors of the defendants. (*Innes* agt. *Lansing*, 7 *Paige R.* 583 ; *Haggerty* agt. *Taylor*, 10 *id.* 261 ; *Whitewright* agt. *Stimpson*, 2 *Barb.* 377 ; *La Chiaise* agt. *Lord*, 10 *How. Pr. R.* 461.)

GEORGE W. PARSONS, *for the defendants.*

HILTON, Justice.. The plaintiff, as a creditor of the defendants' firm—a limited partnership formed pursuant to the provisions of the Revised Statutes in respect thereto—brings this suit as well on his own behalf as of all other creditors who will · come in and contribute to the expenses of the prosecution.

. It is alleged in the complaint that the defendants made a certain acceptance, a copy of which is given ; that the payee indorsed it ; that the defendants are indebted to the plaintiff therein in an amount specified ; that they are a limited copartnership, are insolvent, and have neglected to place their assets in the hands of a trustee for distribution among their creditors.

On this complaint, an order to show cause why a receiver

Levy agt. Ely and others.

should not be appointed of the property of the firm, and the defendants be enjoined from disposing of it, &c., was granted.

On the argument, the defendants' counsel presented preliminary objections, which will be here noticed.

1. That the complaint is not an affidavit within the meaning of that term, as used in the Code, (§ 220,) upon which a judge is authorized to grant an injunction.

2. That the complaint does not sufficiently show a right of action against the defendants, to entitle the plaintiff to any relief upon this motion, because it does not allege that the acceptance sued upon and set out in the complaint, " was indorsed and delivered to the plaintiff, and that he is the owner and holder of it."

In respect to the first objection. The complaint is verified in the manner required by the Code. The verification is to the effect that, to the knowledge of the·plaintiff, all the positive averments and statements in the complaint are true; and all the allegations and averments therein stated to be made upon information and belief, he believes to be true; and that he is informed and believes the information to be true; not that he believes the matters so stated to be true. (*Code,* § 157.)

It would seem difficult to conceive of a more positive manner of verifying statements to be used in judicial proceedings, than is here required. The verification is itself an affidavit, duly signed and sworn to by the party making it—within it should be deemed incorporated the statements in the pleading to which it refers; and thus it constitutes the entire pleading not only an affidavit in form, but in substance.

The legislature in enacting the Code of Procedure, declared by its title that it was, " An act to simplify and abridge the practice, pleadings, and proceedings of the courts of this state ;" and however much the profession may differ upon the question, whether it has accomplished the purpose thus expressed, yet there can be no doubt that courts are bound to so construe its provisions as to effect, as far as possible, the end contemplated.

To require a party, who has in the most solemn manner

verified the statement in his pleading, to verify the same matter in the shape of an affidavit before he can be allowed an injunction, would certainly be neither a simplification nor abridgment of the practice or proceedings, nor is it necessary.

The conclusion arrived at is, that a complaint verified by the party, in the manner required by the Code, is an affidavit upon which an injunction may be granted, if the facts are alleged in a sufficiently positive manner. (*Woodruff* agt. *Fisher*, 17 *Barb.* 229.)

As to the second objection. The complaint states that a draft was drawn upon the defendants; that they accepted it, and the payee indorsed it. A copy of the acceptance is then given, followed by an averment that the defendants are indebted to the plaintiff therein in an amount specified. All the remaining allegations are for the purpose of obtaining the equitable relief applied for.

Nothing more would seem to be needed to enable the defendants to discover the foundation of the action brought against them, nor is more required. (*Code*, §§ 142, 162; *Allen* agt. *Patterson*, 3 *Seld.* 476; *Burrall* agt. *De Groot*, 5 *Duer*, 379.)

These objections being disposed of, a brief examination of the affidavit of one of the defendants, introduced in opposition to the complaint, will suffice to show the grounds upon which the decision of this motion is based. It is not denied that the defendants are a limited partnership; that they made the acceptance; and that the plaintiff is a creditor of the firm; and, indeed, it may be said that the insolvency is not denied, although it is in words, but not in substance. It appears that their debts are about $625,000, and their assets nominally about $750,000. The value of these assets, it seems, cannot be ascertained with any certainty; but they are compromising with their creditors upon the best terms that their property, in their opinion, will warrant.

That they have suspended payment on their liabilities, and pay nothing in full, except such small claims as would be

pressed to judgment, if the parties were not settled with. That these payments are thus made to protect the property of the firm, and prevent its being sacrificed by placing its management in other hands than their own.

If this is not evidence of insolvency, it would be difficult to determine what would be. Therefore, we have all the facts admitted which by frequent adjudications have been determined to be sufficient to entitle the plaintiff to the relief he asks for. (*Innes* agt. *Lansing*, 7 *Paige*, 583 ; *Whitewright* agt. *Stimpson*, 2 *Barb.* 379 ; *Haggerty* agt. *Taylor*, 10 *Paige*, 261 ; *La Cliaise* agt. *Lord*, 10 *How. Pr. R.* 461.) And however much it may be made to appear that the interests of the plaintiff would be better served and protected by permitting these defendants to proceed in their careful and judicious administration of the affairs of their partnership ; yet the court cannot and ought not to deny the plaintiff a legal right, where his proceedings are in the form prescribed by law.

It follows that the motion must be granted, and an order of reference will be taken to H. W. Robinson to appoint a receiver, the injunction now existing to be continued.