KELLER *et al.* *v.* PAYNE *et al.*

(*Supreme Court, General Term, First Department.* May 18, 1888.)

FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—INJUNCTION TO RESTRAIN DISPOSITION OF PROPERTY.

Plaintiffs sold goods to a firm which subsequently confessed judgments in favor of the wife and mother-in-law of one of its members; and then made an assignment. After levy of execution on the confessed judgments, plaintiffs sued out an attachment, and brought suit to set aside the judgments and assignment on the ground of fraud and to enforce their claim. *Held,* that an injunction was properly granted restraining the sheriff from paying over any money realized under the execution, and the execution creditors from receiving such amount.

Appeal from special term, New York county.

Appeal from an order in favor of Frank Keller, *et al.*, continuing an injunction *pendente lite* against May L. Payne *et al.* Defendants appeal.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.
*L. Laflin Kellogg*, for appellants. · *Charles Miehling*, for respondents.

BARTLETT, J.   The plaintiffs are attachment creditors of the firm of Payne, Steck & Co., consisting of the defendants William H. Payne and Frederick D. Steck, dealers in diamonds and gold jewelry in the city of New York.   In November and December, 1887, according to the affidavit of one of the plaintiffs, the defendant's firm made unusually large purchases on credit, and on the 28th day of December in the same year the members thereof confessed judgments, aggregating over $30,000, in favor of four of the defendants herein, May L. Payne, Augusta L. Bamber, William Bamber, and Louise Nellis.   May L. Payne is the wife of the defendant William H. Payne, and Augusta Bamber is his mother-in-law.   Subsequently the partners made a general assignment for the benefit of their creditors, which was recorded on the following day.   Executions were issued upon the confessed judgments before the plaintiffs obtained their attachment, and the sheriff took possession of the goods in the store of Payne, Steck & Co., under these executions.   The plaintiffs, nevertheless, claim a lien upon these goods, by virtue of their attachment, superior to that of the execution creditors, alleging that the judgments were fraudulently confessed for the purpose of hindering, delaying, and defrauding the honest creditors of the firm of Payne, Steck & Co.   They have brought this suit to have the confessed judgments and the assignment declared void; to enforce the priority of their own claim; to compel the sheriff to retain out of the proceeds of the sale of the goods of defendants' firm an amount sufficient to pay their demand; and to enjoin him from paying over, or the execution creditors from receiving, this amount.   A preliminary injunction was granted, and was continued by the special term.   The order also fixed the amount of the plaintiffs' claim at $3,200, and directed the sheriff to deposit that sum, out of the proceeds of the sale, with the United States Trust Company, to the credit of this action.   The defendants now appeal.

I think the order appealed from may be sustained upon the authority of *Bates* v. *Plonsky*, 28 Hun, 112, even as limited by the subsequent case of *Bowe* v. *Arnold*, 31 Hun, 256.   There, upon facts very similar to those presented here, although hardly bearing as strongly against the defendants, it was held "that the plaintiffs were entitled to enjoin the disposition of the proceeds until the action could be tried for the purpose of determining the rights of the different parties to such proceeds."   See, Id. 257.   If it was right to continue the injunction in *Bates* v. *Plonsky*, it was right to continue the injunction in this suit.   As to the alleged invalidity of the attachment, I think there was enough in the papers to give jurisdiction to the officer who granted the warrant.   Hence it cannot be deemed invalid, and so long as the attachment remains in force it suffices to give the plaintiffs the standing of attachment creditors in the present action.   The order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and MACOMBER, J., concurring.