Thomas Rogers, Respondent, v. Alonzo T. Decker, Appellant.

The provision of the act providing for the incorporation of societies or clubs for social purposes (§ 6, chap. 368, Laws of 1865), which declares the trustees of a corporation organized under it liable for certain of its debts contracted while they were trustees, is not penal in its character, but simply continues and retains as to some of the members an original and primary obligation, which would have existed as against all but for the incorporation.

Where, therefore, in an action to enforce the liability of a trustee of a corporation organized under said act, the complaint was verified, but defendant served an unverified answer on the ground that the action was penal, and so, that an unverified answer was sufficient (Code Civ. Pro. §§ 523, 837), held, untenable; and that plaintiff was not required to accept the answer.

Hall v. Siegel (7 Lans. 206), distinguished and limited.

An affirmance by this court, without opinion, makes it responsible only for the point decided below, not for all the reasons given or opinions expressed.

(Submitted February 1, 1892; decided March 22, 1892.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made December 1, 1891, which reversed an order of Special Term which granted a motion to compel plaintiff to accept an unverified answer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James B. Dill* for appellant. This action is in the nature of a penalty. (Laws of 1865, chap. 368, § 7; *Hall* v. *Siegel*, 53 N. Y. 607; *Cartwright* v. *C. G. L. Co.*, 32 Hun, 403.) If the action is contract, it is necessary to bring an action against the corporation before bringing an action against the trustee. (*Patterson* v. *W. M. Co.*, 40 Penn. St. 122; 2 Waterman on Corp. § 275; *Handy* v. *Draper*, 89 N. Y. 336; Cook on Stockholders, § 219; Morawetz on Private Corp. § 883.) The General Term erroneously assumes that the liability imposed by chapter 368 of the Laws of 1865, is the same as the liability imposed in *Corning* v. *McCullough* (1 N. Y. 47). (Laws of

1837, chap. 401, § 9; Laws of 1865, chap. 368; *McCullough* v. *Moss*, 5 Den. 567.)   The liability of the trustees is not the same as the liability of the stockholders under the Manufacturing Act, or under the Business Act or under the Limited Liability Act. ( *Wiles* v. *Suydam*, 64 N. Y. 173; 2 Morawetz on Priv. Corp. §§ 869–906, 908; *Hawthorne* v. *Colef*, 2 Wall. 10.)

*James C. Murray* for respondent.   The defendant's liability is on contract. (*M. Bank* v. *Bliss*, 35 N. Y. 412; *Wiles* v. *Suydam*, 64 id. 170.)

FINCH, J.   This action was brought to enforce the liability of the defendant as trustee of a club incorporated under the law of 1865 (Chap. 368).   Section 7 of that act provides that such trustees shall be liable " for all debts due from said company or corporation contracted while they are trustees, provided said debts are payable within one year from the time they shall have been contracted, and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable."   The complaint contained appropriate allegations to establish the defendant's liability under that statute, and was duly verified.   The defendant served an unverified answer which his adversary refused to accept.   The defendant thereupon moved for an order requiring the plaintiff to accept the answer and the Special Term granted the motion upon the ground that the action was penal in its character, and upon the authority of *Hall* v. *Siegel* (7 Lansing, 206), affirmed in this court without an opinion (53 N. Y. 607).   If that is the true nature of the action, the unverified answer was sufficient and should have been accepted.   (Code of Civ. Pro. §§ 523, 837.)   On appeal to the General Term the order was reversed, that court holding that the action was not penal in its nature, and refusing to follow in that respect the case cited.

The opinion of the General Term shows very clearly the analogy between such a cause of action as was here pleaded,

and that arising under the usual corporate acts which make the stockholders liable for debts of the company until the capital has been fully paid in. It shows that in such case the liability is not so much created by the statute as retained and preserved under the corporate form; that but for the latter the stockholders would have been liable as partners, and the statute continued that primary and original liability until the requisites of a corporate exemption were fully supplied. (*Corning* v. *McCullough*, 1 N. Y. 47.) The opinion further distinguishes, as was done in *Wiles* v. *Suydam* (64 N. Y. 173), between such a cause of action and one founded upon a statutory provision which makes officers liable for failure to file a report or for its falsity, in which case we have held that the liability is a penalty imposed by the statute for disobedience to its commands. (*Gadsden* v. *Woodward*, 103 N. Y. 244.) In one case the original and primary liability of the members of the association which would have existed but for the incorporation is, as to some of them, retained and perpetuated, notwithstanding the incorporation; in the other that primary liability has been lost and destroyed by force of the completed incorporation, but is created anew by the statute in the form of a penalty for specific acts of disobedience. Under the statute of 1865 no new liability is created; a primary and original obligation is continued and retained. Nothing is required or forbidden to be done as the basis of a penalty for disobedience, but the corporate form is not permitted to destroy the associate liability.

We have given attention to the argument made in answer to the conclusion of the General Term. One test which the appellant proposes is the inquiry whether the liability incurred is in the nature of that of a surety and requires that the creditor shall first exhaust his remedy against the corporate assets. He argues that if the liability is on contract, it always has that character and depends upon that condition, which exists even when not in terms imposed by the statute, while if the liability is in tort it is primary and may exist without such condition. But the condition may be attached by the legisla-

ture as well to the penal liability as to that arising on contract, and I am not prepared to admit that the courts may attach it when the legislature does not. (*Manfg. Co.* v. *Bradley*, 105 U. S. 175.) I am unable to see that it has any necessary relation to the one form of liability more than the other, and so it can hardly serve as a suitable test. There is reason for the omission of any such preliminary condition in the act of 1865. The corporation to be formed has no capital stock and may not have much of any property. The remedy against it would be very doubtful and precarious, and so of little utility to creditors. Their safety could only be secured by limiting the scope of the corporate character conferred so as to leave to some extent the normal associate liability undisturbed. The act does that in respect to such stockholders as become trustees, and leaves them under the specified conditions, unprotected by the corporate character.

Our affirmance of *Hall* v. *Siegel* (*supra*) without an opinion made us responsible only for the point decided, and did not make us guarantors of all the reasons given or opinions expressed. It was not essential to the decision that the question whether the action was or was not for a penalty should be determined, and our affirmance did not require an approval of the opinion expressed upon that subject. The sole question involved was the construction of the statute upon the point whether the condition imposed upon the creditor of bringing an action upon his demand within one year, meant an action against the corporation or one against the trustee sought to be made liable. The court held the latter and we affirmed the decision. It stood upon the language and purpose of the act, and we are still able to approve it although at the end of many good reasons an incorrect one was needlessly added.

We think, therefore, that the order of the General Term was right and should be affirmed with costs.

All concur.

Order affirmed.