(7 Misc. Rep. 123.)

BERTHA ZINC & MINERAL CO. v. CLUTE et al.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. INJUNCTION PENDENTE LITE—CONFUSION OF FUNDS.

Where an assignor for benefit of creditors had sold goods as agent for plaintiff, but in his own name, rendering monthly accounts, and paying plaintiff the net amount after deducting commissions, etc., the assignee, pending an action to determine plaintiff's rights in respect to the proceeds of sales made before the assignment, but not accounted for, will be enjoined from mingling with the general assets the sums collected by the assignor before the assignment, and by the assignee after the assignment.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS—RIGHTS OF THIRD PERSONS.

Plaintiff's right to sue to prevent such intermingling of funds is not affected by the fact that he would be entitled to notice of proceedings to settle the assignee's accounts, and that he could then assert his claim to the money, as he could not be required to wait until such accounting before he could recover the funds which belong to him.

3. FOREIGN CORPORATIONS—RIGHT TO SUE.

A mere consignment of goods by a foreign corporation to factors in the state is not "doing business in this state," within Laws 1892, c. 687, § 15, requiring every foreign corporation to obtain a certificate of authority before it can sue on any contract made in the state.

Appeal from special term.

Action by the Bertha Zinc & Mineral Company against Frank M. Clute, as assignee for the benefit of the creditors of Lucius Hart,

impleaded with said Lucius Hart. From an order denying a motion to vacate an injunction during the pendency of the action, defendant Clute appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Hatch & Wickes, for appellant.

Adrian H. Joline, for respondent.

Thomas W. Peyton, for defendant Hart.

BOOKSTAVER, J. This action was commenced on the 16th August, 1893, by the service upon the defendants, Hart and Clute, of copies of the injunction order herein and the papers on which the same was granted, together with the undertaking on injunction and the summons and complaint. On the 29th of the same month the defendant Clute, as assignee, moved to vacate the injunction order upon the papers upon which it was granted, which was denied, and from that order this appeal is taken.

As the motion was made upon the papers upon which the injunction was granted, the allegations in those papers must be taken as true. From them it appears that the plaintiff is a foreign corporation. Defendant Hart was doing business in the city of New York under the firm name of Lucius Hart & Co. This concern was plaintiff's agent, selling goods manufactured by it on commission. These sales were generally made in its own name, but deliveries were made from a stock of metal kept in its hands by plaintiff. Bills for the goods so sold were also made out in defendant's name, and collections made by it, and it rendered monthly accounts, paying plaintiff the net amount after deducting freights, commissions, etc. All sales were guarantied by Lucius Hart & Co., for which that concern received a commission. On the 20th June, 1893, the defendant Hart, individually, and as the firm of Lucius Hart & Co., made a general assignment for the benefit of creditors to the defendant Clute, which was duly acknowledged and recorded. On June 23, 1893, the plaintiff gave notice to Clute of the fact that Hart had acted solely as its agent in making sales, and demanded the delivery of the stock of metal on hand, and also the proceeds of sales collected and unaccounted for, and the transfer to it of all uncollected debts. Clute delivered the metal belonging to plaintiff then on hand, but refused to recognize any claim to the proceeds of the sales of metal, whether collected or uncollected, by Hart & Co. The papers further show that Clute, as assignee, has, since the assignment, collected a portion of the outstanding sales, and that a portion still remains uncollected. Plaintiff claims that it is entitled to these proceeds of sales, and that such proceeds ought not to be regarded as a part of the general assets, and also claims that it is entitled to the proceeds of the uncollected accounts, or, if they shall be collected by the assignee, that they should be collected for plaintiff's benefit. Plaintiff also shows that it is apprehensive that, unless enjoined by the court, the assignee will divert the proceeds of sales collected, or to be collected, or will mingle the same with the general assets of Lucius Hart & Co., so that they cannot be distinguished, whereby the plaintiff would sustain irreparable dam-

.age. The judgment prayed for is that the rights, liens, and equities in respect to all proceeds of sales, collected and uncollected, may be established; that the rights of the plaintiff to the proceeds of any sale of its goods may be adjudged to belong to it; and that defendant may be restrained from intermeddling with or intermingling the proceeds of sales of its goods with the general assets of Lucius Hart & Co., and from not now separating and keeping separate accounts of such proceeds, and from collecting any of the outstanding accounts except for the benefit of the plaintiff, and from mingling any sums hereafter collected with the general assets of Lucius Hart & Co. This injunction was not granted under section 603 of the Code, as appellant contends, but, as we conclude from the injunction order itself, the complaint, and the affidavits upon which it was granted, under section 604 of the Code of Civil Procedure, in which case the preliminary injunction may be granted at the time of issuing the summons. But he contends that, if it was granted under that section, then no facts sufficient to warrant the granting of the order of injunction pendente lite were shown by affidavit. Where, in the complaint, the allegations are made unqualifiedly,—that is, not on information and belief merely, —and are sworn to as true, it will be treated as an affidavit. Code, § 3343, subd. 11; Roome v. Webb, 3 How. Pr. 327; Benson v. Fash, 1 Code R. 50; Minor v. Terry, 6 How. Pr. 208; Penfield v. White, 8 How. Pr. 87; Woodruff v. Fisher, 17 Barb. 224; Jones v. Atterbury, 1 Code R. (N. S.) 87; Levy v. Ely, 6 Abb. Pr. 89; Hecker v. Mayor, etc., 18 Abb. Pr. 369; Cushing v. Ruslander, 49 Hun, 19, 1 N. Y. Supp. 505. The complaint in this action was so sworn to, except "as to matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true." Now, all the allegations in the complaint are stated as of the knowledge of the president of the corporation, except some in the fourth and fifth paragraphs, which are stated to be upon information and belief, and these are stated in the affidavit of Mr. Moxham, the general agent and manager of the plaintiff, to be within his knowledge, except as to certain amounts, collected and uncollected, which he swears he obtained from the books of Lucius Hart & Co. From the positive allegations of the complaint it appears that:

"The said defendant Frank M. Clute, as assignee as aforesaid, has declined to recognize in any manner the rights, liens, and equity of the plaintiff of, in, and in respect to the outstanding and uncollected accounts for said metal sold, or in and to such proceeds of sale collected by said assignee, subsequent to said assignment."

And, further:

"Plaintiff further shows that it is apprehensive that, unless enjoined and restrained by order of this court, the said defendants, or some one of them, or the said assignee, will divert the proceeds realized and collected from the sale of said metal of the plaintiff and the proceeds of sale which shall thereafter be collected, or will mingle them with the general assets of said firm of Lucius Hart & Co., so that the same cannot be identified or distinguished, whereby this plaintiff will suffer and sustain irreparable loss and injury."

We think, as the learned chief justice has well said in his opinion upon granting the injunction:

"It is to be inferred from his [that is, the assignee's] refusal to recognize the right of plaintiff, the consignor, to the proceeds of sale of the consigned goods, that he regards such proceeds as part of the assigned estate of the assignees, and it necessarily follows that he will dispose of them as such, in which case any judgment directing him to account therefor may be ineffectual."

Such a state of facts is sufficient to sustain an injunction upon the ground that the defendant is about to do an act in violation of plaintiff's rights, as tending to render a judgment ineffectual. This is a specific fund; the collections can all be traced upon the books, and the persons from whom uncollected book accounts are due for Bertha spelter can also be ascertained. Under all the authorities, an injunction will be granted pendente lite to prevent dispersion and intermingling of such a fund. Keller v. Payne, (Sup.) 1 N. Y. Supp. 148; Bates v. Plonsky, 28 Hun, 113; Holmes v. Davenport, (Sup.) 14 N. Y. Supp. 738. A voluntary assignee for the benefit of creditors is not a bona fide purchaser. He takes subject to all equities, and has no greater rights in the assigned estate than his assignee had. It comes into his hands charged with all the equities existing with respect to it at the time of the assignment. Burrill, Assignm. (6th Ed.) 478, and cases cited; Van Heusen v. Radcliff, 17 N. Y. 580; Chace v. Chapin, 130 Mass. 128; Hathaway v. Bank, 131 Mass. 14; Merrill v. Thomas, 7 Daly, 393. As to goods consigned, if they were not sold at the time of the assignment, they did not pass to the assignee. White v. Platt, 5 Denio, 269-273. Debts due a factor for consigned goods sold by him, after his expenses and charges have been paid, do not pass to the assignee of such factor under a general assignment for the benefit of creditors, and the assignee cannot be enjoined, at the suit of a creditor of the factor, from paying over to the consignor the proceeds of such debts collected by the assignee. In such case this court has held, in Manufacturing Co. v. Lincoln, (Com. Pl. N. Y.) 11 N. Y. Supp. 75, that the assignor may proceed and collect the debts himself.

The contention by appellant that the plaintiff, as a creditor of Lucius Hart & Co., would be entitled to notice of any proceedings in which the account of the assignee could be settled, and the funds in his hands paid out and distributed, and that therefore this action is unnecessary and improper, is without any force whatever. Not only the property, but the funds collected and to be collected, belonging to the plaintiff, he is not bound to wait a year, or any other length of time, in order to obtain his property or its proceeds. He has a right to them at once. For the same reason the contention that he has given a bond to which the plaintiff can look if he improperly performs his duty as assignee is also without force.

The contention of the appellant as to a portion of the order is too refined for us to follow or appreciate. As we read the order, the portion criticised merely restrains the assignee from mingling the funds of the plaintiff with the general funds. This was certainly an essential part of the order under the circumstances of the case. Nor do we appreciate the contention that any part of it is too vague and uncertain in its terms. The part criticised in this respect

seems to us clear, and to restrain the assignee from collecting funds not now collected, except for the benefit of the plaintiff, which he is permitted to do; and this, certainly, any man, without advice or intricate process of reasoning, can well understand. The construction we have put upon the portions of the injunction order criticised brings it expressly within the provisions of the undertaking given upon the issuing of that order, and, if it is eventually found that the injunction should not have been granted, the undertaking will be ample to afford the assignee every indemnity he may be entitled to.

Appellant also contends that the complaint does not state that the plaintiff has procured a certificate of authority, as required by section 15 of chapter 687 of the Laws of 1892, and, within its terms, cannot maintain this action. It is quite true that the complaint does show that the plaintiff is a foreign corporation; but it does not, in terms, state that it is a joint-stock corporation, nor is there anything in the papers which makes this appear affirmatively. As the point taken is extremely technical, this might be a sufficient answer to the objection. But we prefer not to rest it upon that ground. The section referred to, among other things, provides:

"No such corporation [i. e. foreign joint-stock corporation] now doing business in this state shall do business herein after December 31, 1892, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

It nowhere appears from the papers in this case that plaintiff ever made any contract with Lucius Hart & Co., or any other company or person, within this state. On the other hand, it expressly declares that the usual and ordinary course of the business dealings and relations between the plaintiff and Lucius Hart & Co. in the retail or jobbing business was, in substance, as follows:

"The plaintiff kept at the disposal of the defendants a stock of the metal manufactured by the plaintiff, which was stored by the defendants, and from this stock the defendants filled orders, making bills in their own name to their customers, collecting the amounts realized from the sale thereof, and rendering to the plaintiff monthly accounts of all metals sold, and the proceeds realized from such sale, and making payment to the plaintiff of the balance, after deducting therefrom freights, expenses, and commissions of the defendants."

Presumably, this contract had been of some years' duration. It certainly does not appear that it was made after the 31st December, 1892. These allegations also tend to show that the plaintiff itself did no business whatever in this state; that all of the business of selling its metal was done by the firm of Lucius Hart & Co. To hold that the mere consignment of its goods to Lucius Hart & Co. as factors was doing business, within the meaning of that act, or that a certificate would be required before the plaintiff could safely consign its goods to a citizen of this state for sale by him, would prevent many of our merchants from being factors for foreign corpora-

tions, which is a large part of the business of many in this city, and we think could never have been contemplated by the legislature. In brief, we think that the factor, and not the consignor, does the business of selling and collecting under such circumstances. The order appealed from should therefore be affirmed, with costs. All concur.