LACKAWANNA MILLS, Respondent, v. SAMUEL WEIL and Others, Appellants.

*Action to recover damages for the breach of a contract — when prematurely brought.*

Upon the trial of an action brought to recover damages for an alleged breach of a contract whereby the defendants agreed to pay for sixty cases of goods on June 10, 1891, the plaintiff having stipulated to have the same ready for delivery on June first, it was shown that the plaintiff notified the defendants prior to June first that the goods were ready for delivery.

The defendants did not make full payment on June tenth, but a little later, about June twenty-second, they ordered the plaintiff to deliver to them some of the goods. Thereafter, and before August 5, 1891, four cases thereof were delivered to them. The defendants insisted that the goods delivered were not in accordance with the contract, for the reason, among others, that the buttons on the garments delivered only had two holes, whereas it was agreed that they should have four. The plaintiff agreed to allow because of such error fifteen dollars a case on each of the four cases delivered, and to substitute buttons with four holes on the remaining goods in their factory.

Thereafter the plaintiff put buttons with four holes on the remaining garments in place of those then on, but prior to completing such work they brought this action against the defendants.

*Held,* that the action was prematurely brought.

APPEAL by the defendants, Samuel Weil and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of December, 1893, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 14th day of December, 1893, denying the defendants' motion for a new trial made upon the minutes.

*B. F. Einstein,* for the appellants.

*A. A. Spear,* for the respondent.

PARKER, J.:

We think the action was prematurely brought. By it the plaintiff sought to recover damages for an alleged breach of a contract by which the defendants agreed to pay for sixty cases of goods on June 10, 1891, the plaintiff on its part having stipulated to have them ready for delivery ten days earlier, or June first.

Plaintiff notified defendants prior to June first that the goods were ready for delivery. Defendants did not make full payment on June tenth, but a little later, about June twenty-second, they ordered the plaintiff to deliver to them some of the goods. Thereafter, and before August fifth, four cases were delivered to them. Defendants insisted that the goods were not in accordance with the contract in several respects, one being that the buttons on the garments delivered only had two holes, whereas it was agreed that they should have four.

Plaintiff yielded to defendants' contention regarding the buttons, and agreed to allow to the defendants, because of the error in such respect, fifteen dollars a case for each of the four cases delivered, and to substitute buttons with four holes in the place of those on the fifty-six cases of goods then in plaintiff's factory. In accordance therewith the plaintiff, by its representative, sent the defendants a check for sixty dollars inclosed in a letter, of which the following is a copy :

"NEW YORK, *August* 5, 1891.

"Messrs. WEIL, HASKELL & Co., New York :

"GENTLEMEN — Enclosed find check for $60, in settlement of claim a/c of wrong buttons on cases 1487, 1486, 1474, and 1476 delivered by the Lackawanna Mills.

"The balance of the order shall have buttons as last year and as per samples from which order was taken. I am

"Very truly yours,

"A. S. HAIGHT."

Thereafter the plaintiff put buttons with four holes on the remaining garments in place of those then on, but it had not completed the work when this action was brought.

Under its contract with the defendants full performance on its part was to precede payment by the defendants. Its promise to make a deduction on account of the goods already delivered, and to change the buttons on the rest, admitted the contention of the defendants in that respect to be true, and denied to it a right of recovery until after it should so change the goods as to make them comply with the contract. The learned trial judge does not seem to have taken a different view of the law governing this contract than we have expressed, but his charge would seem to indicate that he had in some way been lead to believe that the buttons had been changed before the commencement of the action.

The evidence is to the contrary. Edward G. Connor, plaintiff's superintendent, testified with reference to a call made upon the plaintiff by a Mr. Lampman, representing the defendants, who presented a letter of introduction from his employers, bearing date August nineteenth, in which they requested for him the courtesy of the plaintiff.

The witness said that Lampman called the day following the date of the letter, which would be August twentieth. On his cross-examination he testified: " Q. When were those buttons changed ? A. The girls were working on them at the time that the messenger from Weil, Haskell & Co. was there. Q. When did they finish them ? A. Oh, within a day or two after he was there. Q. Do you recollect that ? A. Well, I couldn't say for certain what day they were finished.

" The Court.—He doesn't ask for certain ; he asked within what time.

" Q. The letter was dated August 19th. It must have reached you about the 20th. Now, I want to know how long after August 20th was it before the buttons were changed ? A. Well, not over two days. Q. And then they were all completed ? A. Yes, sir ; didn't take only about three days to do the whole thing."

Lampman testified that he arrived at Scranton, where plaintiff's mills were situated, early in the evening of the nineteenth, and called at the mills on the twentieth, and had cases of the goods opened for his inspection. Replying to the question whether the buttons had been changed, he answered " No, sir." This action was commenced on the nineteenth day of August, necessarily, therefore,

several days before the goods were, according to the contract as con-strued by the parties to it, ready for delivery.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial granted, with costs to appellants to abide the event.

---

In the Matter of the Application of HENRY T. BRONSON, as Receiver, etc., of NEIL MACDONALD, a Judgment Debtor, Respondent, for the Examination Before Trial of CHARLES B. VAN NOSTRAND, a Proposed Defendant, Appellant.