NOVELTY MANUFACTURING COMPANY, Respondent, *v.* LANSING W. CONNELL and BRUCE S. ALDRICH, Appellants.

*Foreign corporation — what constitutes the transaction of business in the State of New York under § 15 of chap. 687 of 1892 — nature of the liability for a failure to file an annual report — verification thereof — taking a promissory note does not extinguish a debt.*

Where an order for goods was given to a foreign corporation outside the State of New York, and a portion of such goods was shipped on January 4, 1893, to the State of New York by such corporation, the corporation cannot be said by reason thereof to have been doing business in the State of New York within the meaning of section 15 of chapter 687 of the Laws of 1892.

The restriction contained in section 15 of chapter 687 of the Laws of 1892 prohibiting a foreign corporation, doing business within the State of New York without a certificate, from maintaining any action in the State upon any contract made by it in the State until it shall have procured such certificate, relates only to contracts made within the State of New York.

The taking of a promissory note by a creditor does not extinguish the debt. Where there is a failure to pay the note the creditor has the right to bring an action on the original obligation and produce the note on the trial to be delivered up.

The liability imposed upon the directors of a corporation for a failure to file the annual report, required by section 30 of chapter 688 of the Laws of 1892 is a liability created by the statute in the form of a penalty for specific acts of disobedience.

Where an annual report of a corporation, made in pursuance of the provisions of chapter 688 of the Laws of 1892, is verified by a person who is both the vice-president and treasurer of the corporation, the verification is not irregular under section 30 of such act because the person verifying the same did not make separate oaths as vice-president and as treasurer.

APPEAL by the defendants, Lansing W. Connell and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 11th day of February, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Onondaga Circuit.

The plaintiff is a foreign corporation organized under the laws of the State of Connecticut.

*Hancock, Beach, Peck & Devine,* for the appellants.

*George H. Sears,* for the respondent.

HARDIN, P. J.:

Plaintiff's complaint states a sale of goods to, and thereby the creation of a debt in its favor against, the Syracuse Bamboo Furniture Company, a stock corporation organized under the laws of this State and having its principal place of business at Baldwinsville, in the county of Onondaga. The complaint also states that a judgment was recovered against the furniture company, and an execution on the judgment issued and returned wholly unsatisfied prior to the commencement of this action, and that the company is wholly insolvent. Defendants were directors of the company in 1892 and 1893, and this action is brought to collect plaintiff's debt of them by reason of their alleged statutory liability arising from a non-compliance with the statute as to annual reports of the officers of the company. Defendants' answer admits the incorporation of the plaintiff and the incorporation of the Syracuse Bamboo Furniture Company, and that it was a stock corporation, and that, at the times mentioned in the complaint, the defendants were directors of the furniture company. It also admits that said furniture company "did not within the month of January, 1892, or at any other time prior to the 30th day of January, 1893, make a report and file the same in the office of the Secretary of State or in the office of the clerk of the county where its principal business office was located; that said company neglected to file any annual report required by law previous to the 31st day of January, 1893; that the defendants did not make and file a report with the Secretary of State within thirty days after 1st day of January, 1892, or the 1st day of April, 1892, or at any other time, a verified certificate stating they, or either of them, had endeavored to have such annual report made and filed, and that the officers or majority of the directors had refused and neglected to make and file the same." They also admit the recovery of a judgment by plaintiff on account of said sale against the company for $534.43 and the docketing of the judgment, and that an execution was issued to the sheriff of Onondaga county before the commencement of this action and that it was returned wholly unsatisfied. When the proofs were all before the court a verdict was directed for the plaintiff for $566.94, being $514 debt and $52.94 interest thereon. Defendants challenge plaintiff's right to recover $90.38 of the debt which was for goods sold

and delivered January 4, 1893, and insist that the plaintiff had not complied with chapter 687 of the Laws of 1892. That chapter was approved May 18, 1892. In its section 15 it is provided that "No such corporation now doing business in this State shall do business herein after December 31, 1892, without having procured such certificate from the Secretary of State, but any lawful contract previously made by the corporation may be performed and enforced within the State subsequent to such date." The principal order for goods given to the plaintiff was November 1, 1892. It was delivered to plaintiff at Waterbury, Connecticut, and the goods were shipped from that State to the furniture company. The plaintiff was not thereby doing business within this State within the terms of the act, by making the shipment of January 4, 1893. (*Murphy Varnish Co.* v. *Connell et al.*, 10 Misc. Rep. 553.) We think the objection is unavailing to the defendants. (*Lancaster* v. *A. I. Co.*, 140 N. Y. 576; *Demarest* v. *Flack*, 128 id. 205; *Providence Steam & Gas Pipe Co.* v. *Connell*, 86 Hun, 319; S. C., 33 N. Y. Supp. 482.) It is provided further in section 15: "No foreign stock corporation doing business in this State without such certificate shall maintain any action in this State upon any contract made by it in this State until it shall have procured such certificate." That restriction seems to relate to contracts made in this State. However, the Secretary of State issued to plaintiff the certificate required by the statute January 10, 1893. This action was not brought until the 23d of January, 1894. We think the objection to the item of ninety dollars and sixty-eight cents was properly overruled by the trial court. (*Bertha Zinc & Mineral Co.* v. *Clute*, 7 Misc. Rep. 123.)

(2) No error was committed in refusing to treat the unpaid promissory note of the bamboo company as a payment upon the indebtedness held by the plaintiff against it. The note was long past due and unpaid when this action was commenced, and could not be used to relieve the defendants of their liability for the indebtedness which accrued in favor of the plaintiff while such neglect existed. (*Providence Steam & Gas Pipe Co.* v. *Connell*, *supra.*) The note did not merge or extinguish the debt. (*Parrott* v. *Colby*, 6 Hun, 55.) The liability of defendants here is in the nature of a penalty for failure to file a report required by the statute. (*Gadsden* v. *Woodward*, 103 N. Y. 244; *Rogers* v. *Decker*, 131 id. 492.)

It is a liability " created anew by the statute in the form of a penalty for specific acts of disobedience." (FINCH, J., in *Rogers* v. *Decker, supra.*)

The taking of the note by the plaintiff did not extinguish the debt; when there was a failure to pay it the creditor had a right to bring an action upon the original debt and produce the note upon the trial to be delivered up. (*Jagger Iron Company* v. *Walker*, 76 N. Y. 521; *Lackawanna Mills* v. *Weil*, 78 Hun, 348; S. C., 29 N. Y. Supp. 114.)

(3) The proof shows an item of indebtedness created for thirteen dollars and eighty-one cents, February 8, 1893. There was a report made by the directors bearing date January 30, 1893, acknowledged that day, signed by Kenyon, Chapin and Crum, and verified by Kenyon on the same day. It was filed January 31, 1893. The oath of Kenyon stated that he " is vice-president and treasurer of the Syracuse Bamboo Furniture Company, and that the foregoing certificate by him subscribed is true." Section 30 of chapter 688 of the Laws of 1892 provides : " Such report shall be signed by a majority of its directors, and verified by the oath of the president or vice-president and treasurer or secretary, and filed in the office of the Secretary of State and in the office of the county clerk of the county where its principal business office may be located. If such report is not so made and filed all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made." No question was made at the trial as to the fact that Kenyon, when he verified the report, was vice-president and treasurer of the company. The language of the statute is that the report shall be verified " by the oath of the president or vice-president and treasurer, or secretary," and the verification is a literal compliance with the terms, inasmuch as Kenyon was both vice-president and treasurer    It would have added nothing to the essential evidence of the truth of the report if Kenyon had made two oaths, one as vice-president and the other as treasurer. The object of the statute seems to have been answered by the report and verification of January 30, 1893, and we are not inclined to hold that the report and verification thereof were irregular, or that there was a failure to comply with the essential requirements of the statute in

that regard. (*Jones* v. *Butler*, 40 N. E. Rep. 633.) We think the debt contracted on the 8th of February, 1893, after the report was filed, is not one for which the defendants are liable. The verdict and judgment should be reduced by striking therefrom thirteen dollars and eighty-one cents, and the interest allowed thereon.

(4) The proof failed to establish a counterclaim for the tools mentioned in the answer and in the proofs. The evidence did not establish that they had been purchased by the plaintiff, or that the plaintiff had agreed to apply the value thereof upon its claim, nor that the plaintiff had converted them to its use. The trial judge properly refused to apply the value of the tools in reduction of the defendants' liability. (Code, § 501 ; *Clapp* v. *Wright*, 21 Hun, 240.)

The foregoing views lead to the conclusion that the verdict was properly directed for the plaintiff, except as to the item of thirteen dollars and eighty-one cents. The plaintiff will have an opportunity to stipulate to deduct that item and the interest on the same (from the 8th of March, 1893) from the verdict and judgment.

MARTIN and MERWIN, JJ., concurred.

Judgment reversed and a new trial ordered, with costs to abide the event, unless plaintiff shall stipulate to deduct from the verdict and judgment thirteen dollars and eighty-one cents, and interest from the 8th of March, 1893, in which event the judgment, as so modified, is affirmed, without costs of the appeal to either party.