PEOPLE OF THE STATE OF NEW YORK ex rel.
METROPOLITAN TRUST COMPANY OF THE CITY OF
NEW YORK, as Substituted Trustee under the Will
of WILLIAM H. TILLINGHAST, Deceased, Relator, *v.*
EUGENE M. TRAVIS, as Comptroller of the State of
New York, Respondent.

(Supreme Court, Albany Special Term, May, 1919.)

Mandamus — when application for peremptory writ of, directing the
comptroller of the state to refund to relator excess paid on account
of transfer tax, granted — wills — transfer tax — Tax Law, §§ 225,
230.

Under the will of decedent, who died December 9, 1902, his
widow was given a life estate together with a contingent power
of disposition as to $100,000 which was subject to a transfer
tax against the residuary legatees. The will provided that if
she did not execute her power of disposal or if for any reason
it failed, the sum mentioned should become a part of the
residuary estate. The transfer tax paid by the residuary
legatees included the remainder interest of the $100,000 with-
out allowance on account of the contingency upon which some
part of their interest might be abridged. The widow having
exercised her power of appointment and the amount of abridg-
ment being shown, an application made under section 230 of
the Tax Law as amended in 1897 for the modification of the
order pursuant to which the transfer tax was paid resulted in
an order which was unanimously affirmed on appeal. Upon an
application for a writ of peremptory mandamus directing the
comptroller of the state to refund to relator the excess paid on
account of the transfer tax, as determined by the modification
order, *held,* that said order was binding upon this court and that
the application herein should be granted. A contention that
the application to refund was governed by section 225 of the
Tax Law and that because the modification order had not been
made within two years from the date of the original order fixing
the transfer tax the application cannot be heard, is untenable,
as said section was not intended to apply to a case similar to
the present one.

Supreme Court, May, 1919.          [Vol. 107.

Application for a peremptory writ of mandamus.

Dixon & Holmes (Jabish Holmes, of counsel), for relator.

Charles D. Newton, attorney-general (Arthur. E. Rose, third deputy attorney-general, of counsel), for respondent.

Rudd, J.  The relator, Metropolitan Trust Company of the City of New York, petitions for an order directing the issuance of a peremptory writ of mandamus against the comptroller of the state, directing him to refund to the petitioner the sum of $3,358.95 with interest at the rate of three per cent per annum from May 11, 1904.

The relator is a substituted trustee under the will of William H. Tillinghast, late of the city of New York.

The sum which the relator seeks from the comptroller of the state is the excess paid on account of transfer taxes as determined by an order of the Surrogate's Court of the county of New York, dated March 14, 1917, modifying the prior taxing order entered February 1, 1904.

The order of the Surrogate's Court, which modified the original order fixing and determining the transfer taxes, was unanimously affirmed by the Appellate Division on May 3, 1918, under an appeal taken by the state comptroller.  No further appeal has been prosecuted.  Thus the order of the Surrogate's Court of March 14, 1917, stands.

William H. Tillinghast, the testator, died December 9, 1902.  At the time of his death the Tax Law contained certain provisions relating to the refund of inheritance taxes.

Under section 225 of article 10 of the Tax Law it is

provided as follows: " If after the payment of any tax in pursuance of an order fixing such tax,   *   *   * such order be modified or reversed by the surrogate having jurisdiction within two years from the date of entry of the order fixing the tax, or be modified or reversed at any time on an appeal taken therefrom within the time allowed by law,   *   *   *   the state comptroller shall refund   *   *   *   the amount of any moneys paid   *   *   *   on account of such tax in excess of the amount of the tax fixed by the order modified or reversed."

Under section 230 of article 10 of the Tax Law, as amended by chapter 284 of the Laws of 1897, there is the following provision: " In estimating the value of any estate or interest in property, to the beneficial enjoyment or possession whereof there are persons or corporations presently entitled thereto, no allowance shall be made on account of any contingent incumbrance thereon, nor on account of any contingency upon the happening of which the estate or property or some part thereof or interest therein might be abridged, defeated or diminished; provided, however, that in the event of such incumbrance taking effect as an actual burden upon the interest of the beneficiary, or in the event of the abridgment, defeat or diminution of said estate or property or interest therein as aforesaid, a return shall be made to the person properly entitled thereto of a proportionate amount of such tax on account of the incumbrance when taking effect, or so much as will reduce the same to the amount which would have been assessed on account of the actual duration or extent of the interest or estate enjoyed. Such return of tax shall be made in the manner provided by section two hundred and twenty-five of this article."

Under the will of William H. Tillinghast his widow,

Louise Tillinghast, was given a life estate, together with a contingent power as to the disposition of $100,-000, which last mentioned sum was taxable against the residuary legatees.

In the will it was provided that if the power was not exercised by the widow, or if for any reason it failed, then the testator directed that the sum mentioned should become a part of the residuary estate.

The tax imposed against the residuary estate, which was paid by the residuary legatees, included the remainder interest of $100,000, as that sum would pass to them if the power under the will was not properly exercised.

No allowance was made in the original order of the Surrogate's Court taxing the residuary legatees on account of the contingency upon which some part of their interest might be abridged.

This interest was abridged by the exercise on the part of the widow of the power of appointment. Thereupon a motion was made to the Surrogate's Court of New York to modify the original order of February 1, 1904, by showing the amount of this abridgment.

As before stated this application resulted in the order of the Surrogate's Court, which has been affirmed unanimously upon appeal and stands as the law of the case.

The order of the Surrogate's Court modifying the amount of the tax upon the interest of the residuary legatees, which has been abridged by the happening of the contingency, fixes the modification of the tax at $3,358.95, and the statute provides a return of this amount to the person properly entitled thereto.

This tax has been paid direct to the comptroller of the state, and therefore the application is made under a provision of the law calling upon the state comptroller to refund.

The order of the Surrogate's Court of March 14, 1917, affirmed by the Appellate Division, determines without question the application here made.

The attorney-general contends that the application for refund is governed by section 225 of article 10 of the Tax Law above quoted, and that, because of the order modifying the original taxing order not having been made within two years from the date of the entry of the order fixing the tax, this application cannot be heard.

The relator insists that the motion for modification, addressed to the Surrogate's Court of New York, was granted under the provisions of section 230, as amended by chapter 284 of the Laws of 1897.

A reading of the order of the Surrogate's Court, which has been affirmed by the Appellate Division, sustains the contention of the relator.

The opinion of the surrogate may not be in entire harmony with that conclusion, but the order is controlling and not the opinion of the court. The order of the surrogate in express terms follows the provisions of section 230, to which the two-year limitation does not apply. The refund was to be made under section 230 whenever the contingency happened which abridged the prior estates which had been taxed. The right to the abridgment did not, and could not, occur until the contingency happened, and that contingency might happen any number of years after the taxing order, and the right to a refund was only given when this contingency did happen.

The views and the conclusions of Surrogate Fowler are to be ascertained by a reading of his order of March 14, 1917, and the provisions of that order are not to be modified or limited or in any way controlled by what he may have said in the opinion. His order

shows that section 230, as amended by the Laws of 1897, is applicable and controlling.

A reading of the briefs submitted upon the argument before the Appellate Division, upon the review of Surrogate Fowler's order of modification, shows that the same questions here presented were then discussed and were of course passed upon by that court adversely to the contention of the attorney-general in the affirmance of the order.

The surrogate set forth in his opinion that there seemed to be no method for a refund under the law in such a case, but at the same time he made an order in effect directing a refund by the modification of the order.

The affirmance by the Appellate Division was without opinion. Such an affirmance by the appellate court made that court responsible only for the point decided below, not for all the reasons given or opinions expressed.

Thus it was the order of the Surrogate's Court which was affirmed unanimously and which here controls us. *Rogers* v. *Decker,* 131 N. Y. 490.

The original taxing order made by the Surrogate's Court of New York was correct, as was also the order of modification. Section 225 with its two-year limitation is not intended to apply to a case similar to this, but it is a provision where there has been in the original taxing order an error under which a tax has been erroneously paid.

Under the provisions of section 230 the tax was properly paid, the order of taxation was legally made and then, by reason of the happening of the contingency, a different situation arose, of which the Surrogate's Court took cognizance, and under the law, the state having received as a tax that to which under the law it is not entitled to retain, provision is made

for an application such as this, and the state should make the refund in accordance with the law.

There is no hardship in adding to the amount which the state must refund interest at the rate of three per cent per annum.

The application therefore is granted.

An order may be entered directing the issuance of a peremptory writ of mandamus against the comptroller of the state directing him to refund to the Metropolitan Trust Company of the City of New York, as substituted trustee under the will of William H. Tillinghast, deceased, the sum of $3,358.95, with interest at three per cent per annum from May 11, 1904.

Ordered accordingly.